Parsons v. Carey.

PARSONS v. CAREY.

1. Statute of limitations; EFFECT OF PART PAYMENT AND INDORSE-MENTS. Under our statute of limitations (Rev. § 2751, subdivision 4), the acknowledgment arising from part payment, and indorsement thereof, on a promissory note, is not sufficient to prevent the bar of the statute. It seems that the admission or new promise required by the statute must, in all cases, be in writing, signed by the party to be charged.

2. —— The difference between our own and the English statute, 9 Geo. IV, c. 14, pointed out.

3. —— CONSTITUTIONAL LAW. The fact that such part payment constituted an admission, from which a new promise would have been implied under the law as it stood at the time, does not prevent the application of the present statute, nor render such application violative of the constitutional provision against laws impairing the obligation of contracts. The statute operates upon the remedy.

*Appeal from Lee District Court.*

WEDNESDAY, APRIL 6.

THIS action was commenced June 16, 1868. The petition claims upon a note made June 8, 1857, due in sixty

days, for $315, and alleges that " on the 15th day of July, 1858, there was paid on said note the sum of $130.29." A copy of the note is attached, and an indorsement thereon to the effect that the payment aforesaid was made " by collection of one Runner."

To the petition, defendant demurred, upon the ground that it appeared therefrom that the cause of action was barred by the statute of limitations. This demurrer was sustained. Plaintiff excepted and appeals.

*J. L. Rice* for the appellant.

*McCrary, Miller & McCrary* for the appellee.

WRIGHT, J. — It is competent by demurrer, to assail any petition which shows affirmatively that its cause of action is barred by the statute. Rev. § 2961. We are then to determine whether, in view of the averments of the petition, plaintiff's claim was barred at the time of commencing this action.

1. STATUTE OF LIMITATIONS: effect of part payment and indorsements.

The provisions of the statute bearing upon the questions involved are these: By the Code of 1851, in force when the note was made, actions upon written contracts had to be brought within ten years after their causes had accrued ; but such causes might be revived by an admission that the debt was unpaid, as well as by a new promise to pay the same. Code, § 1659, cl. 4, 1670 ; Rev. § 2740, cl. 4, 2751. By the Revision, section 1670 of the Code was amended by adding : " But such admission or new promise must be in writing, signed by the party to be charged thereby."

By the plaintiff it is now claimed that it is only necessary that the admission, or new promise, shall be in writing, and that the effect of part payment stands as it did at common law. In other words, it is said that the holding

has been uniform in this country and England that three things would take a case out of the statute, to wit: part payment, new promise, and an admission that the debt was still unpaid; and that as the debtor, by paying a part, furnishes the highest possible evidence that he owes and intends to pay the balance, it was not contemplated that the provisions as to written evidence should apply to a case of part payment. In this construction of the statute we cannot concur.

The section of the Revision (2751) now under consideration was taken from 9 Geo. IV, c. 14 (Lord Tenterden's act). That act, however, contains a proviso that nothing therein contained should alter, or take away, or lessen the effect of any payment of any principal or interest made by any person whatsoever.

The difference between the English statute and ours was noticed in *Miller* v. *Dawson*, 26 Iowa, 186. In that case, however, the petition (to which there was a demurrer) contained no averment that the amount indorsed upon the note, nor that any amount, was actually paid thereon. It is very plain, therefore, that the question now before us did not arise in that case, or at least that its decision was unnecessary, and it was hence "passed until it should arise." The precise point is now made, and for the first time is to receive an answer in this State.

The part payment of a debt, at common law, was taken as such an acknowledgment that the whole debt was still due as to raise the presumption of a promise to pay the remainder. Upon this subject the language of the court in *Whipple* v. *Stevens*, 2 Foster, 219, is, that "it is well settled that a partial payment of a debt amounts to an acknowledgment of a present subsisting debt which the party is liable and willing to pay, from which, in the absence of any act or declaration on the part of the party making the payment inconsistent with the idea of a lia-

bility and willingness to pay, the jury may and ought
to infer a new promise." And see Angel on Lim., § 240;
2 Greenl Ev., § 444. By the construction of 21 James I,
c. 16, it is said that there were three modes in practice to
take a case out of the operation of that statute: *First*, an
acknowledgment; *second*, a promise; *third*, part pay-
ment. *Cleaver* v. *Jones*, 6 Exch. 573; 3 Par. on Cont.
78, note *s*. The two first were, of course, under that
statute, sufficient if evidenced by words; and though the
third is not an acknowledgment by *words*, but rather by
an *act or conduct*, it is nevertheless but the form of
acknowledgment from which the promise is inferred.
And did the statute contain the proviso above quoted
from 9 Geo. IV, we should feel constrained to follow Lord
Campbell's opinion in the case last cited (6 Exch. 573), that
the effect and proof of payment were left exactly as before
the passage of the act. The English decisions, for some
time, held, even under that statute, that the acknowledg-
ment or admission of part payment should be verified by
writing. See cases collected, note *q*, 3 Par. on Cont. 77.
And though these cases were overruled by *Cleaver* v. *Jones*,
*supra*, the result reached was largely, if not wholly,
dependent upon the proviso as to part payments. Lord
Campbell's opinion is clearly the better view of the stat-
ute, and it seems a little remarkable that any other ever
should have obtained. As already suggested and shown,
however, our statute contains no such proviso. If the
English courts at one time held that the part payment
should be proved by writing, under their statute con-
taining the proviso, there is certainly a very strong war-
rant for so holding under a statute where this is
omitted.

The statute either intended to deny *in toto* the effect of
part payment, as it stood at common law, or else to require
that it should, like any other admission or promise, be

verified or proved by writing. And this, as it seems to us, is plain enough, from the consideration that the promise or admission now, though ever so unequivocal or express, is of no avail if in words only, for it must be "in writing signed by the party to be charged; and it would be strange, indeed, if a promise or acknowledgment, implied only, not expressed, should be effectual, though not thus proved. If, however, it be said that this acknowledgment is by conduct, not by words, and that it is hence not open to fabrication, not so liable to deceive, we answer, that there must be proof of the payment; and not unfrequently such proof is as easy of fabrication as that of mere words. This is known to any one who has given the matter the least practical thought. Thus, whether the amount received by the creditor was intended as a payment on any debt, or if any, whether upon the debt in controversy, or if so, whether it was paid as part of a greater debt — all these, and many other matters touching an alleged part payment, are in many cases quite as difficult of satisfactory solution as any cases of acknowledgments or promises by words. Then, too, such payment must amount to an admission that more is due, else it cannot avail as an admission of a still existing debt. If so, as already suggested, it is only a form of admission; and being such, it is included in the language of the statute requiring the same to be in writing. And, indeed, we think, but for the proviso in the English statute, the conclusion of their courts would have been the same, for *that*, says the court, in the case above cited, "left the effect of part payment as it stood before the statute passed." The same is true of the enactment under which *Williams* v. *Gridly*, 9 Met. 482 (referred to by appellant), was decided, for the proviso, word for word, used in the English act is embraced in the seventeenth section of the Massachusetts statute. So also of the Maine statute,

under which *Sibley* v. *Lumbert*, 30 Me. 253, was decided. R. S. Me. 23; Angell on Lim. app., 36. And so, too, the Vermont statute, ch. 58, § 26; Angell, 44; Ohio statute, § 5, 123; Ill. act, § 4, 127; Michigan, §§ 13 and 17, follows Mass. 132, 133; Wis. §§ 28, 31, p. 139. Nor must we forget that the English statute declared that "no acknowledgment or promise, by words only, shall be sufficient," etc., whereas ours is that causes may be revived by an admission or promise, provided such promise shall be in writing. We have found no statute like ours, and the cases in other States, therefore, give us but little aid. The construction given, however, is believed to be correct, and thus far we feel constrained to hold that the demurrer was properly sustained.

The part payment was made July 15, 1858, and it is now insisted that this constituted an admission from

3. —— constitu- which a new promise is implied; that the law
tional law. existing when the original contract and new
promise were made entered into the same, and that as such promise was not *then* required to be in writing, the subsequent enactment cannot apply, for to allow this would not only destroy the remedy upon this contract but impair its obligation.

The provisions of our statute (limitations) were made applicable, with certain exceptions, to causes of action already accrued and not then barred. Rev. § 2753. (The exceptions have nothing to do with the question now before us.) And now remembering that the promise implied by the part payment is not a new contract, is not a substantive cause of action, but operates only as a cause of defense which the law gives the debtor to the old promise, we are of the opinion that the constitutional difficulty does not exist. It is the old contract upon which plaintiff recovers, and the payment is to be treated as not removing the bar. The statute is one of repose. It

establishes that a certain lapse of time shall amount to evidence of the performance of a contract, rather than to dispense with its performance. In prescribing the evidence which shall be received, and in giving effect to that evidence, the statute is clearly within its constitutional limits — and this, and no more, in our opinion, is the effect of this statute.

We thus state, generally, the principles applicable, without entering upon their elaboration. They seem to us decisive of the question involved. Authorities are not wanting in their support. To do no more, we cite: Angell Lim. § 22; *Joy* v. *Thompson*, 1 Mich. 373; *Ilsley r. Jewett et al.*, 3 Met. 439; Cooley Const. Lim. 293; *Foster* v. *Shaw*, 2 Gray, 148; *Kingsley* v. *Cousins*, 47 Maine, 91.

Affirmed.