HARRENCOURT, Admr., v. MERRITT & BRO.

**Statute of limitations :** EFFECT OF INDORSEMENTS.  The case of *Parsons* v. *Carey*, 28 Iowa, 431, holding that partial payments and indorsement thereof on a promissory note are insufficient to prevent the bar of our statute of limitations, either as to those made prior or subsequent to the statute, followed and approved.

*Appeal from Dubuque Circuit Court.*

MONDAY, JUNE 13.

PLAINTIFF declares upon a note made by defendant, dated May 7, 1858, due in six months, averring that on

the 3d of September, 1859, the makers paid thereon $70.40, etc. The answer is in denial, and also relies upon the statute of limitations. Upon the trial plaintiff offered to read the endorsement of payment on the note, and also by entries made by the payee in his books, to show this payment. All this testimony was objected to and excluded, and this upon the ground, as again stated in the instructions, that under our statute the evidence to prove a new promise or acknowledgment must be in writing, signed by the party to be charged. Verdict and judgment for defendants, and plaintiff appeals. The action was commenced Sept. 1, 1869.

*Hempstead, Bishop & Adams* for the appellant.

*Shiras, Van Duzee & Henderson* for the appellee.

WRIGHT, J.—This action was commenced within ten years after the alleged part payment, but more than ten years after the maturity of the note. And thus it will be seen that the case is "on all fours" with *Parsons* v. *Carey*, 28 Iowa, 431. This is conceded, but the correctness of the rulings therein are denied, and counsel have pressed with great earnestness their re-examination. Here, however, the stress of the argument is as to the retrospective effect of the statute, rather than its application to partial payments. It is not pretended nor claimed, that the entries made by the payee in his books cut any figure in the case.

We were very clear in the former case, and still are, that this statute, as applied to prior promises, was not obnoxious to the charge of either impairing the obligation of contracts, or interfering with vested rights. Neither the argument herein nor our own investigations have shaken our confidence in the position assumed.

Upon the other question (the purpose of the statute

touching the effect of partial payments) we confess to some doubt. There are cases and arguments favoring the other view. That announced, as we have shown, is not without very fair and reasonable support. It struck us at the time, and still does, as being more fully in accord with the spirit and policy of the law. Let that ruling remain undisturbed, and this judgment be

Affirmed.