JOHATHAN LEONARD Administrator of JOHN O. GALLUP *vs.* WILLIAM R. HUGHLETT.

*Merger of Simple Contract in Specialty— When Assumpsit may be maintained to Recover amount due on a Single bill barred by Limitations—For what purpose Single bill may be given in Evidence.*

There cannot be a contract under seal and a simple contract between the same parties for the payment of the same debt. There will be a merger of the simple contract, whether the parties wish it or not, for the two contracts are incompatible, and, except where one is intended to be simply collateral to the other, they cannot exist together, and the higher must prevail.

Where the remedy on a single bill has become barred by the statutory lapse of time, the mere payment of interest on the debt will raise no such promise as will support assumpsit for the amount due on the single bill. Nothing less than an *express promise* to pay the amount due thereon, made after the statute has become a bar to the remedy on the bond itself, will suffice to maintain an action of assumpsit to recover the amount due.

In an action of assumpsit on an express promise to pay the amount due on a single bill barred by limitations, the single bill may be given in evidence as the inducement to, or as explanatory of, and as furnishing the legal basis of the express promise.

Leonard, Adm'r *vs.* Hughlett.

APPEAL from the Circuit Court for Talbot County.

This suit was instituted on the 9th of May, 1870, by John O. Gallup, the appellant's intestate, against Nathaniel Leonard and William R. Hughlett, for the recovery of $800, with interest unpaid thereon, due upon their joint single bill to Ann O. Worrell, dated the 28th of August, 1855, and which, after the death of the obligee, was assigned by her executor on the 23rd of April, 1867, to the plaintiff. The defendant, Leonard, suffered a judgment of *nil dicit.* The defendant Hughlett severed in his defence, and pleaded 1st, That he never promised; 2nd, That he was never indebted; 3d, That the cause of action did not accrue within three years; 4th, That he did not promise within three years; 5th, That the debt or thing in action was above twelve years standing. Issues were joined. The death of John O. Gallup was suggested, and the appellant was made party plaintiff.

*Exception.*—The plaintiff to support the issues joined on his part, proved the loan of the money mentioned in the single bill, by Ann O. Worrell, to Nathaniel Leonard, and the execution and delivery of the single bill to secure the same on the day of its date by the said Leonard and William R. Hughlett, and that the said Leonard was the principal and Hughlett the security thereto; and offered the single bill in evidence, as follows:

$800.

   For value received, we promise to pay Ann O. Worrell, or order, the sum of eight hundred dollars, with interest. Witness our hands and seals, this twenty-eighth day of August, 1855.

NATHANIEL LEONARD, [Seal.]<br>W. R. HUGHLETT,  [Seal.]

Test:—THOS. C. WORRELL.

Various payments of interest were endorsed on the note as also an assignment thereof, dated the 23d of April, 1867,

by Thomas C. Worrell, executor of Ann O. Worrell, with
interest from the 28th of August, 1867, to John O. Gal-
lup. It was admitted that Ann O. Worrell was dead,
and that letters testamentary on her estate had been duly
granted to Thomas C. Worrell, and that John O. Gallup
was dead and that letters of administration on his estate
had been granted to the appellant; it was further admitted
as proved, that the payments of interest endorsed on said
single bill after its assignment to Gallup, were made to
him on the 28th of August, 1867, 1868 and 1869, by
Nathaniel Leonard, without the knowledge or consent of
the defendant, Hughlett; and that the assignment of the
single bill to Gallup was unknown to Hughlett until a
short time previous to the institution of the suit.

The plaintiff offered the following prayer:

If the jury believe that the single bill in evidence in
this cause was executed and delivered to the obligee
therein named, by Nathaniel Leonard and William R.
Hughlett, as joint obligors, on the 25th day of August,
1855, for the sum of eight hundred dollars, with interest
payable to Ann O. Worrell, or order; that thereafter, the
said Ann O. Worrell departed this life, leaving a last will
and testament, which, after her death, was duly admitted
to probate by the Orphans' Court of Talbot county, and
letters testamentary on her estate were, in due form of
law granted by the said Orphans' Court to Thomas C.
Worrell, the executor named in said will, who took upon
himself the execution of the trust thereby reposed in him,
and on the 23d day of April, 1867, assigned and delivered
to Gallup, the plaintiff's intestate, the said single bill,
and shall further believe, that since said assignment, and
since the institution of this suit, the plaintiff's intestate
departed this life, and that since his death letters of
administration on his personal estate were granted to the
plaintiff by the Orphans' Court of Talbot county; and
shall further believe, that the sum of forty-eight dollars,

the amount of interest for one year, up to and including the 28th day of August, 1867, was paid to the plaintiff's intestate, in his life-time, on the said 28th day of August, 1867, by Nathaniel Leonard, one of the co-obligors in said single bill, said payment of interest is sufficient to remove the bar of the Statute of Limitations in this case, and that they must find for the plaintiff.

The defendant asked the three following instructions:

1. That if the jury shall believe from the evidence in the cause that the bond or bill obligatory offered in evidence by the plaintiff, was executed and delivered by N. Leonard and Wm. R. Hughlett, as co-obligors, on the day on which it bears date, to wit, on the 28th day of August, 1855; and shall furthermore believe from the evidence that the writ of summons in this case was sued out and issued from this Court on the 9th day of May, 1870, they shall find for the defendant, Wm. R. Hughlett, on the issues joined, although they may further believe, from the evidence in the cause, that the said N. Leonard, co-obligor as aforesaid of the said Wm. R. Hughlett, made a payment of interest on said bond on the 28th day of August, 1867, and on the 28th days of August, 1868 and 1869 thereafter, unless they shall believe such payment was made with the knowledge of said Hughlett. .

2. That if the jury shall believe from the evidence, that the payments on account of the bond offered in evidence by the plaintiff, were made by N. Leonard, co-obligor of the defendant, Wm. R. Hughlett, on the 28th day of August, 1866, and on the 28th day of August, of the preceding years after the date of said bond, that the aforesaid payments will not warrant them in finding for the plaintiff, since any promise to pay, to be inferred therefrom, is barred, by the statutory three years bar of limitations; and they must find for the defendant in this behalf.

3. That if the jury shall believe from the evidence in the cause, that the payments on account of the bond

offered in evidence by the plaintiff, were made by N. Leonard, co-obligor of the defendant, Wm. R. Hughlett, on the 28th day of August, 1867, and on the 28th day of August, 1868 and 1869, thereafter, that said payments were made after the statutory twelve years bar of limitations, and do not warrant the jury, in inferring a promise on the part of Wm. R. Hughlett, the defendant, to pay said bond, and they must find for the defendant, in this behalf; provided the jury shall believe that said payments were made without the knowledge of the defendant, Wm. R. Hughlett.

.The Court rejected the prayer of the plaintiff and granted those of the defendant. The plaintiff excepted and the verdict and judgment being against him he appealed.

The cause was argued before Bartol, C. J., Stewart, Miller and Alvey, J.

*Philip F. Thomas*, for the appellant.

In the computation of time, the day of the date of the single bill, that is to say, the 28th day of August, 1855, should be excluded, and upon this rule of computation sanctioned by the most modern authorities, the single bill now in question, was not above twelve years standing on the 28th day of August, 1867, and was not therefore, then barred by the Statute of Limitations. *Code of Public General Laws, Article* 57, section 3; *Angell on Limitations,* secs. 42 to 54, *inclusive; Lester vs. Garland,* 15 *Vesey, Jr.,* 248; *O'Connor vs. Towns,* 1 *Texas,* 107, 116; *Calvert vs. Williams,* 34 *Md.,* 672, and authorities there cited; *Bigelow vs. Willson,* 1 *Pick.,* 485; *Sheets vs. Selden's Lessee,* 2 *Wallace,* 177.

The payment of interest by Leonard, the co-obligor of the appellee, on the 28th day of August, 1867, before the Statute of Limitations attached to the single bill, even if

made without the knowledge or consent of the appellee, was sufficient to remove the bar of the Statute, and to give to the appellant a right of action against the appellee, on the basis of a new promise, although it did not revive the remedy upon the single bill. *Whitcomb vs. Whiting,* 1 *Smith's Leading Cases,* 319 *(marg.)* 606 *(top;) Ellicott vs. Nicols,* 7 *Gill,* 85, 103 *and* 104; *Felty, Adm'r of Young vs. Young,* 18 *Md.,* 163; *Lamar vs. Manro,* 10 *G. & J.,* 50; *Young and Wife vs. Mackall,* 4 *Md.,* 362.

*John B. Brown,* for the appellee.

1st. Had or not the twelve years statutory bar of limitations accrued on the 28th day of August, 1867? Or to phrase the question differently, was not the bond above twelve years standing on that day? The bond was drawn, executed and delivered on the 28th day of August, 1855. It was a perfect bond on that day. It was suable on that day. The right of action was perfect and complete on that day. The 28th of August, 1855, is to be reckoned in computing the age of the bond. On the 27th of August, 1867, it was twelve years old; on the 28th of August, 1867, it was above twelve years standing. To the last moment of the 27th of August, 1867, it was a perfect bond, and the remedy on it complete; when that day had expired, the remedy on it as a bond or contract was forever gone and extinct. *Carroll vs. Waring,* 3 *Gill & John.,* 491; *Presbrey vs. Williams,* 15 *Mass.,* 193.

2nd. If the statutory bar of limitations had accrued on the 28th of August, 1867, did the payment of interest then made by one obligor without the knowledge or consent of his co-obligor, operate to bind the latter, or warrant the inference in law of an *assumpsit* or promise on his part to pay the bond? Clearly not. In the case of a bond, payment by one obligor after the bar has attached, cannot be construed as in any way affecting his co-obligor, when

made without his knowledge or consent, when in order to do so, the payment must not only operate to *create a remedy, but make a new contract.* In the case of a bond after the bar has attached, the new promise is the substantive ground of action, the bond is simply offered in evidence as the inducement to and consideration for the promise. The bond is only an ingredient of the new contract sought to be enforced. This is the case whether the contract sought to be enforced, rests on an express promise or a promise implied from an acknowledgment. It is no less a new contract if it rests on an implied promise than if it arose out of an express promise to pay. When the bar attaches all community of interest is gone, and all supposed agency to bind each other is at an end. The bond as an active and efficient contract has ceased to operate. It may form one and the chief ingredient of a new contract, but as an available contract it is dead. *Ellicott vs. Nichols,* 7 *Gill,* 85 ; *Bell vs. Morrison, et al.,* 1 *Peters,* 371, 372 *and* 373 ; *Felty, Admr. of Young vs. Young,* 18 *Md.,* 167 ; *Lamar vs. Manro,* 10 *G. & J.,* 61 ; *Bush vs. Stowell,* 71 *Penn.,* 208.

ALVEY, J., delivered the opinion of the Court.

The declaration in this case is in assumpsit, but treating it as either in debt on the single bill, or in assumpsit founded on a promise by Leonard, made after the remedy on the single bill had become barred by the Statute of Limitations, in neither aspect could recovery be had against Hughlett, who has pleaded the Statute of Limitations as it applies to an action of debt on the single bill, together with the pleas of not indebted and never promised as alleged.

The single bill was made on the 28th day of August, 1855, and as no time was specified for its payment, it was payable on demand. The action was instituted on the 9th of May, 1870.

The theory of the plaintiff, as set forth in his prayer for instruction to the jury, which was refused, is, that because Leonard, one of the obligors in the single bill, made a payment of interest due thereon, on the 28th of August, 1867, such payment amounted to a recognition of the debt, and an implied promise to pay it, whereby the running of the Statute was prevented, as well with respect to Hughlett as to Leonard.  And in order to fix upon Hughlett liability resulting from such supposed recognition and implied promise, the plaintiff contends that the statutory period of twelve years, had not elapsed and become a complete bar to the single bill on the 28th of August, 1867, the date of the payment of interest; it being conceded, as it well might be, that if the bar was complete at that time, no promise, whether express or implied, by one obligor, would either revive the remedy on the single bill, or support an action of assumpsit on the promise, as against a co-obligor.   *Ellicott vs. Nichols*, 7 *Gill*, 85; *Bell vs. Morrison*, 1 *Pet.*, 351.

But whether the statutory period, as applicable to the remedy on the single bill, had elapsed or not, is wholly immaterial.  If it had elapsed, and the Statute had become a complete bar, then it is conceded, that payment of interest by Leonard, could not give a right of action as against Hughlett; and if the statutory period had not elapsed, still, the payment of interest, and the implied promise resulting therefrom, could not defeat the bar of the Statute as to Hughlett; nor indeed could it either give a right of action on the implied promise, or prevent the bar of the Statute to an action on the single bill against Leonard. One deed may be substituted for another, but a simple contract cannot be substituted for a deed, unless the deed be released or cancelled.   *Add. on Contr.* 1077.   There cannot be a contract under seal, and a simple contract between the same parties for the payment of the same debt.  There will be a merger of the simple contract, whether the par-

ties wish it or not, for the two contracts are incompatible, and, except where one is intended to be simply collateral to the other, they cannot exist together, and the higher must prevail.  *Price vs. Moulton*, 10 *C. B.*, 561.

In the case of *Carroll vs. Waring*, 3 *Gill & John.*, 491, where it was sought to avoid the operation of the Statute of Limitations pleaded to a bond, upon the ground that interest had been paid within the statutory period, the Court said: "The payment of interest, if it had been precisely or definitely alleged in point of time, it is clear, both upon reason and authority, would not have had that effect;" that is, to avoid the operation of the Statute: "because the language of the statute of this State, *in the case of a bond*, is positive and peremptory, that no bond shall be good and pleadable, or admitted in evidence, after the principal debtor and creditor have been both dead twelve years, or the debt, or the thing in action, above twelve years standing, saving to the creditor the usual benefits, or exceptions of infancy, &c.   It is also incontrovertibly established that not even an express acknowledgment of the debt will revive the remedy upon the bond, when barred by the operation of the Act."

But, assuming that the twelve years had elapsed, and become a complete bar to the remedy on the single bill, on the 28th of August, 1867, it is quite clear that the mere payment of interest on the debt would raise no such promise as would support an action for the amount due on the note.   Nothing less than an *express promise* to pay the amount due thereon, made after the Statute had become a bar to the remedy on the bond itself, will suffice to maintain an action of assumpsit to recover the amount due. In such case, the bond, although the remedy thereon be barred by the Statute, may be given in evidence, as the inducement to, or as explanatory of, and as furnishing the legal basis of the express promise to pay the amount remaining due on the bond.   This has been expressly de-

cided by the cases of *Lamar vs. Manro,* 10 *Gill & J.,* 50, and *Young vs. Mackall,* 4 *Md.,* 362. It follows that the plaintiff could not recover, in any aspect of the case, as against Hughlett; and the Court below was therefore right in rejecting the plaintiff's prayer; and as the granting of the prayers offered by the defendant could operate no injury to the plaintiff, the judgment will be affirmed.

*Judgment affirmed.*

(Decided 9th February, 1875.)

