## MAGRUDER *v.* BELT.

PLEADING AND PRACTICE; HUSBAND AND WIFE, ACTIONS AGAINST; JOINT CONTRACTS; VERDICT IN ACTIONS AGAINST JOINT OBLIGORS; AMENDMENT; JOINDER OF PARTIES.

1. In an action against husband and wife on a joint contract relating to her separate estate, in which action they plead jointly, a verdict against the wife alone is void.
2. Where in an action of assumpsit the contract sued upon when offered in evidence proves to be a sealed instrument, a verdict should on motion be directed for the defendant, in the absence of application by plaintiff for leave to amend or to withdraw a juror.
3. One cause of action may in this District be changed, by amendment, to another, by leave of the trial court, under sec. 954, R. S. U. S., and the Maryland act of 1785, ch. 80, sec. 4, provided the cause of action sued for be the same in both.
4. When a contract is made with several persons, whether it be under seal or not, if their legal interest be joint, they must all if living join in an action on the contract; and if it appears on the record that all have not joined who ought to have joined, the judgment will be arrested.

No. 482.  Submitted October 11, 1895.  Decided December 2, 1895.

HEARING on appeal by the defendant from a judgment on verdict in an action of assumpsit.  *Reversed.*

The COURT in its opinion stated the case as follows :

This is an action of assumpsit brought upon a *joint* simple contract by John S. Belt, against George C. W. Magruder and Ellenore A. H. Magruder, husband and wife.  The declaration contains two counts.  By the first of these it is alleged that the wife was possessed of certain real estate, situate in the District of Columbia, and they, the said defendants (husband and wife), " to wit, on the 27th day of March, 1890, agreed with the plaintiff to pay him a commission of five per cent. upon the purchase price, if he, the said plaintiff, would find a purchaser or purchasers for said property, at the price and sum of seventy-five thousand dol-

lars, the terms of sale to be part cash, and the balance payable at such time and in such manner as might be agreed upon between the defendant Ellenore (the wife) and the purchaser or purchasers; and the plaintiff says that, in consideration of the promises, and relying thereon, he did, before the bringing of this suit, find and procure a purchaser for said property, &c., and he further says that the defendants, though often requested so to do, have wholly failed and refused to pay him his commission for procuring the purchaser for said property." The second count is for money payable by the defendants to the plaintiff, for work and labor done by the plaintiff for the defendants, at their request, in respect of the separate estate of the defendant Ellenore, the wife of the defendant George Magruder; and for money had and received by the defendants to the use of the plaintiff; and for money earned as commission by the plaintiff in finding a purchaser for certain real estate, being the separate estate of the defendant Ellenore, at the request of the defendants.

The defendants pleaded jointly five pleas: 1st. That they did not agree as alleged; 2nd. That they were not indebted as alleged; 3d. That the plaintiff did not render services as alleged; 4th. Set off to the extent of $1,500; and 5th. Payment.

To these pleas the plaintiff joined issue, and trial was had by jury; and the finding was for the plaintiff as against one of the defendants only.

The jury by their verdict found for the plaintiff as against the wife alone, and made no finding either for or against the other defendant, the husband. He was simply ignored and dropped out of the case by the verdict of the jury.

There was a motion in arrest of judgment, for various reasons assigned, but that motion was overruled; and the court rendered judgment upon the verdict, whereby it was adjudged that the plaintiff recover against the defendant Ellenore Magruder the sum of $2,250, with interest, being the money payable by her to plaintiff by reason of the

premises, together with costs, and that the plaintiff have execution thereof against the separate estate of the said defendant Ellenore.

*Mr. J. J. Waters* for the appellant:

1. The action being on a joint contract against both husband and wife, the action of the jury in the finding against the wife only is void. *Tilley* v. *Cook County*, 103 U. S. 155, *Linn* v. *Hoover*, 6 Mack. 298; *Barber* v. *Ayres*, 5 Md. 202; 1 Chitty Pl. 45; *Abrams* v. *De Wandalaer*, 2 MacA. 342.

2. Sec. 827 R. S. D. C. does not change the pleading or proof required for a joint promise. *Linn* v. *Hoover*, 6 Mack. 301. In a pending case, a plaintiff must discontinue as to any defendants he wishes to drop, and try for judgment against the remaining defendant. This course should have been pursued here. See *Ritch* v. *Hyatt*, 3 MacA. 54 1; *Keyser* v. *Hitz*, 133 U. S. 138.

3. A husband may contract with his wife, and also (as tenant by the curtesy) with a partnership of which he is a member to sell a piece of his wife's real estate on commission. 1 Chitty Pl. (13th Am. ed.) 45; *Abrams* v. *De Wandalaer*, 2 MacA. 342; *Sykes* v. *Chadwick*, 18 Wall. 141; *Brooke* v. *Barnes*, 1 Mack. 5.

*Mr. Franklin H. Mackey* for the appellee:

1. At common law in an action on a joint contract, the plaintiff might enter a *nolle pros.* before verdict against one of the defendants, whereupon the verdict might be rendered against the other. If the question arising here were subject to the common-law rule, the plaintiff's action in announcing before verdict that he only claimed a judgment against Mrs. Magruder would be equivalent to a *nolle pros.*, but this is not a common-law question, but one arising under the statute.

2. Again, at common law, if the verdict and judgment could not be rendered against both of the joint promisors

by reason of some personal incapacity on the part of one of them, then the verdict could be rendered against *one only*, as if one of the joint promisors were an infant or a married woman; for, one of the parties being incompetent to contract, it treated the promise as the *sole* promise of the other and rendered judgment accordingly. So in the case at bar, while the defendants below were both competent to contract, they were competent *sub modo* only. The wife may only contract in relation to her separate estate, and a verdict and judgment can only be rendered against her in respect of that estate and to be satisfied out of it. On the other hand, the husband, while competent to contract generally, has no power to contract in relation to his wife's separate estate; he can do no act that will bind it; hence, their joint promise in respect of that estate being binding on the wife only, the verdict in analogy to the rule at common law must be against her only.

3. But the law of this District in respect of suits upon joint promises has been entirely changed. Our statute provides that "where money is payable by two or more joint obligors, covenantors, &c., *one* action may be sustained and *judgment* recovered against all or *any* of the parties by whom the money is payable, at the option of the plaintiff." Sec. 827, R. S. D C. And that was done in this case, for we asked a verdict against Mrs. Magruder only. See *Harris* v. *Leonhardt*, 2 App. D. C. 318; *Young* v. *Warner*, 6 App. D. C. 433.

4. The husband was not a substantial party either to the promise or to the action; he was merely joined as matter of form *as* husband and not as a promisor; that was the whole theory of the action; indeed, the contention of the husband was that the promise was to him as well as to the plaintiff, Belt; but the jury regarded him as merely a *formal* party defendant, Mrs. Magruder being the *real* defendant, and rendered the verdict accordingly. *Murray* v. *Keyes*, 35 Pa. St. 384.

Under our statute providing that one action may be

maintained and a verdict recovered against *any* or all of the joint promisors, if such they be, and also under the married woman's act, the verdict was correct.  A promise by husband and wife is not a *joint* promise in the sense in which joint promises are understood at common law, for at common law such a promise was the separate promise of the husband, being void as to his wife.  So that the joint promise which we are dealing with in the case at bar is a promise unknown at common law, and therefore not affected by common-law rules.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

In the course of the trial, the defendants raised a good many questions, and noted a large number of exceptions to rulings of the court.  Among these there is one that goes to the right of the plaintiff to maintain the present form of. action, and should therefore be examined.

The proof disclosed that the contract declared upon was in writing, and the plaintiff, when examined as a witness, produced the contract and identified it, and it was then offered in evidence and read to the jury by the plaintiff, against the objection of the defendants.   The contract thus produced and read in evidence, instead of being a simple contract, according to the allegations in the declaration, was shown to have been executed on the 27th of March, 1890, under the hands and seals of the defendants, with a supplement or slight modification thereto appended, also executed under hands and seals of the defendants, on the 31st of March, 1890.   The manner of taking the exception to the admissibility of the paper in evidence is thus stated in the bill of exceptions : " And thereupon the defendants duly excepted to the said overruling by the court of their objection to the plaintiff's offering and reading in evidence to the jury the said paper-writing and allowing it to stand as evidence to the jury, on the ground that such written paper

was *inadmissible, incompetent and irrelevant.*    A copy of said paper, dated 27th March, 1890, is herewith exhibited in the beginning of this bill of exception, and which paper was read in evidence to the jury, and the objection of defendants, and the action of the court in holding same under advisement, were noted in testimony of Belt, as first given herein, at pages 3 to 7." The real objection was not so much to the admissibility of the contract in evidence, as to the right to maintain the action, in view of the nature of the contract disclosed on the face of the paper—the contract produced being under seal.

We shall not undertake the examination of all the various exceptions contained in the record, and which have been the subjects of discussion by the defendants' counsel ; but we shall proceed to consider the two principal questions raised in the manner we have stated.   These questions are :

1st. Whether the verdict of the jury was valid and sufficient to support the judgment rendered thereon, or whether the judgment should not have been arrested ?

2d. Whether the contract under seal was admissible to support the allegations of the declaration in an action of assumpsit, or whether, upon the production of such contract under seal, in respect to which the plaintiff claimed to recover, a verdict should not have been directed for the defendants ?

1. With respect to the first of these questions, it is supposed, and contended by the plaintiff, that the verdict and judgment were proper, in view of the special provision of the statute (Rev. Stats. D. C., secs 729, 730), which declares that any married woman may contract, and sue and be sued, in her own name, in all matters having relation to her sole and separate property, in the same manner as if she were unmarried ; and that neither the husband nor his property shall be bound by any such contract, *made by a married woman,* nor be liable for any recovery against her in any such suit, but judgment may be enforced by execution against her sole and separate estate in the same manner as if she were unmarried.

It is true, the husband is not bound by the contract made by the wife under this statute, nor by the judgment that may be recovered on such contract against the wife. But the wife having a general power to contract in all matters relating to her sole and separate estate acquired under and as provided by the statute, as if she were *feme sole*, she is competent to enter into a contract *jointly* with her husband or any other person, and the form of the recovery on such contract must conform to the rights and obligations created by the terms of the contract. If the contract be *joint* or *joint and several*, and the parties be sued jointly, the recovery must be general against the parties, but as to the married woman defendant, the award of execution must be against her sole and separate estate acquired and held under the statute, at the date of the judgment, if real estate, or at the time of delivery of the execution to the marshal, if personal estate. The judgment will not bind the married woman personally, but only her sole and separate property that she has acquired and holds under the statute, at the date of the judgment, or that she may thereafter so acquire and hold. The ordinary contract for the payment of money, or the performance of duty, does not, *per se*, create a lien or charge upon the statutory separate estate of the married woman, which she holds at law *as if she were unmarried;* and the judgment on such contract is not entered against any specific parcel or designated property, as would be done if the proceeding was *in rem;* but the judgment and execution thereon affect and may be enforced against all property that the married woman may have acquired *and holds* under the statute.

There can be no question of the competency of the husband to join in the contract with the wife, and as to his liability thereon. In this case, the contract is a joint one, and professes on its face to have relation to property in which both husband and wife were interested. But, without respect to any interest of the husband in the property of his wife, he was perfectly competent to bind himself by

contract with his wife.    As laid down by Chitty in his work on Pleading, " a party who *expressly* contracts, and permits credit to be given to him, is liable, although he were not the strict *legal owner* of the property in respect of which the contract is made, nor *beneficially* interested therein." "In the case of an *express* contract, the agreement itself will, therefore, in general, remove all difficulty with regard to the persons who should be sued upon it."    1 Chitt. Plead. 38, 39, 16th ed.    It is clear, therefore, that the husband was bound by the contract, and was a necessary party to the action, and this is assumed by the plaintiff in making him a joint defendant.

As we have seen, the declaration is upon a *joint* contract, and the defendants *pleaded jointly*, and the question was as to their *joint liability* under the contract.    Where the declaration is upon a *joint and several contract*, and the defendants *sever in their defences*, there, with certain limitations and restrictions, the plaintiff may enter a *nolle prosequi* against any of the defendants, before verdict, and proceed against the rest.    *Minor* v. *The Mechanics' Bank*, 1 Pet. 75, 76.    But, in this case, there was no such proceeding, and no such proceeding could have been had upon the pleadings.    No judgment could have been given against the wife separately, the pleas to the declaration being joint by both husband and wife.    *United States* v. *Linn*, 1 How. 104, 109.

The issues joined upon the pleadings required the jury to find the existence of the contract as alleged, and the joint liability of the defendants thereon.    A verdict variant from the declaration is simply void ; and the illustrations given of the principle are, " if the verdict finds a different contract from that alleged, or, in assumpsit, if it finds a different promise " from that laid in the declaration.    Com. Dig. Pleader (s. 24).

In the case of *Patterson* v. *United States*, 2 Wheat. 221, the principle is stated in the opinion of the court, by Mr. Justice WASHINGTON, with great precision and clearness.    He

says : " The rule of law is precise upon this point. A verdict is bad, if it varies from the issue in a substantial manner, or if it find only a part of that which is in issue. The reason of the rule is obvious ; it results from the nature and the end of the pleading. Whether the jury find a general or special verdict, it is their duty to decide the very point in issue ; and although the court in which the case is tried may give form to a general finding, so as to make it harmonize with the issue, yet, if it appears to that court, or to the appellate court, that the finding is different from the issue, or is confined to a part only of the matter in issue, no judgment can be rendered upon the verdict."

The whole doctrine, involving the question under consideration, was very fully and learnedly discussed, in a case taken up from this District, by Mr. Justice WOODBURY, speaking for the Supreme Court, in the case of *Garland* v. *Davis*, 4 How. 131 ; and in that case the principles that we have just stated were fully approved and applied.

In this case, as we have seen, the jury did not find in accordance with the issues made by the pleadings, and did not find the contract as alleged in the declaration ; that is, a joint contract by the defendants. Therefore, we are of opinion that the motion in arrest ought to have prevailed, and the judgment been arrested.

2. The next question proper to be noticed is that of the effect of the contract under seal produced by the plaintiff to support the declaration in assumpsit. There is no principle of the common law better settled than that an action of assumpsit will not lie upon a sealed obligation for the payment of money or the performance of duty. In the case of *Insurance Co. of Alexandria* v. *Young*, 1 Cr. 332, it was expressly held, that an action of assumpsit could not be brought on a policy of insurance under seal ; and that the defect was not cured by verdict. A simple contract and a contract under seal between the same parties cannot both subsist for the same subject-matter or obligation. The contract under seal, being of superior dignity and solemnity

in the contemplation of law, will merge the simple contract. One deed may be substituted for another, but a simple contract cannot be substituted for a deed, unless the deed be released or cancelled. There will be a merger of the simple contract, whether the parties wish.it or not, for the two contracts are incompatible, and except where one is intended to be simply collateral to the other, they cannot subsist together for the same thing, and the higher must prevail. *Price* v. *Moulton*, 10 C. B. 561 ; *Leonard* v. *Hughlett*, 41 Md. 380. The action should have been debt or covenant upon the sealed contract. As said by the Supreme Court of the United States, in *Young* v. *Preston*, 4 Cr. 239, the plaintiff had a clear right of action upon the sealed instrument ; " and whenever a man may have an action on a sealed instrument he is bound to resort to it."

When the contract under seal was produced and identified by the plaintiff, as the contract between the parties, upon the objection by the defendants to its relevancy and competency to maintain the action, in the absence of an application for leave to amend, the court should have directed a verdict for the defendants ; or, with the consent of the plaintiff, could have directed a juror to be withdrawn, with a view to a change in the form of action by amendment or otherwise.

As the judgment must be reversed for the reasons we have stated, we shall remand the cause to the end that, by proper amendment of the pleadings, the case may be tried on its real merits. Section 32 of the judiciary act of 1789, ch. 20, now forming section 954 of the Revised Statutes of the United States, expressly empowers " any court of the United States " " at any time to permit either of the parties to amend any defect in the process or pleading, upon such conditions as it shall, in its discretion, and by its rules, prescribe ;" and it has been held that that provision of the statute applies to the courts of this District. *Garland* v. *Davis*, 4 How. 131, 154. And so, by the Maryland act of 1785, ch. 80, sec. 4 (2 Kilty Laws of Md. 61), which is in

force in this District, it is provided, " that the courts of law shall have full power and authority to order and allow amendments to be made in all proceedings whatsoever before verdict, so as to bring the merits of the question between the parties fairly to trial ; and if amendment is made after the jury is sworn, a juror shall be withdrawn."

Under the general broad power of amendment thus conferred by the statutes just referred to, it is quite competent to the court below to allow a change, by amendment, of one form of action to another, provided the claim or cause of action sued for be the same in both.

The sealed contract produced and offered in evidence appears upon its face to have been made with the plaintiff and another or others.    The promise of the defendants is made to pay commissions for the sale of the property to " J. S. Belt & Co."    Now, if this appendage to the name of the plaintiff of " & Co." was added by mistake, or was intended as a mere *descriptio personæ* of the plaintiff, Belt, and nothing more, as contended by the plaintiff, then the ambiguity may be removed and corrected by proper averments in the declaration and corresponding proof.    But if, on the other hand, it was in fact intended to represent a partnership, or another or other parties in interest with the plaintiff, then such other party or parties must be made co-plaintiffs.    For the principle is well settled, that when the contract is made with several persons, whether it be under seal or not under seal, if their *legal interest* be *joint,* they must all, if living, join in the action on the contract ; and if it appears on the record that all have not joined who ought to have joined, the judgment will be arrested.    1 Chitt. Pl. 910 (16th ed.); *Lane* v. *Drinkwater,* 1 Cr., M. & R. 599, and *Byrne* v. *Fitzhugh,* reported in note, Id.

The judgment must be reversed, and the cause be remanded, and it is so ordered.

*Judgment reversed.*