JOSHUA DAVIS, Admr., *vs.* HANNAH J. DAVIS.

Somerset.    Opinion November 19, 1903.

*Limitations.*  Removal of bar by payment.  *Acknowledgment.  New Promise,*
to be express.  *Evidence.*  Written admission not conclusive.
*R. S. (1883), c. 81, § 97.*

1.  In order to avoid the statute of limitations the written acknowledgment
of, or promise to pay, the debt required by R. S. (1883), c. 81, § 97 must
have been intentionally made for that purpose.

2.  A written statement by the payor of the amount that has been paid
upon a promissory note and of the consequent balance, and made for
another purpose, is not an express acknowledgment that any balance is
due nor an express promise to pay it, as required by the statute.

3.  A written admission as to a question of fact made out of court, when it
does not operate as an estoppel, is only evidence upon such question how-
ever positively and explicitly made.  The fact may nevertheless have been
otherwise, and a jury be justified in so finding.

Exceptions by defendant.    Sustained.

Assumpsit on a promissory note to which defendant pleaded the
statute of limitations.    At the close of the testimony the presiding
justice directed the jury to return a verdict for the amount due on
the note after deducting the indorsements thereon.    The defendant
after the verdict was allowed exceptions to this direction to the jury.

The facts appear in the opinion.

*E. N. Merrill,* for plaintiff.

*G. C. Sheldon and M. F. Sawtelle,* for defendant.

SITTING:  WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAV-
AGE, SPEAR, JJ.

EMERY, J.    This was an action upon an unwitnessed promissory
note to which the statute of limitations was duly pleaded in bar.
The note matured more than six years before the date of the writ
and hence was prima facie barred and the defendant was entitled to

verdict and judgment, unless the plaintiff showed that the statutory bar had been removed. He claimed it had been removed in two ways only; (1) by a written acknowledgment of the debt, or promise to pay it, within six years, and (2) by a partial payment within six years.

I.   Independent of any requirement of the statute regarding the new acknowledgment or promise, such acknowledgment or promise to be effective must have been intentional; "must have been deliberately made and not inadvertently, and it will not affect the bar of the statute where the accompanying facts and circumstances are such as to repel the inference, or leave in doubt the question whether the party intended thereby to prolong the period of legal limitation or to remove the bar already attached." We think the above quotation from 19 Am. & Eng. Ency. of Law, 294, states the law accurately and is supported by the cases cited. Thus it was said by the U. S. Supreme Court in *Fort Scott* v. *Hickman*, 112 U. S. 150-164: "Statutes of limitation are statutes of repose and not merely statutes of presumption of payment. Therefore, to deprive a debtor of the benefit of such a statute by an acknowledgment of indebtedness, there must be an acknowledgment to the creditor as to the particular claim, and it must be shown to have been intentional." Before our statute requiring the acknowledgment or promise to be in writing it was declared in *Porter* v. *Hill*, 4 Maine, 41, that the promise must be absolute, and that the acknowledgment must be unambiguous. In *Oakes* v. *Mitchell*, 15 Maine, 360, the words "an arrangement will soon be made to pay the note. I calculate to pay it, and I always calculated to pay it," were held not to necessarily constitute a new promise or acknowledgment as matter of law.

Our statute, R. S. (1883), c. 81, § 97, seems to go even further, as it requires the acknowledgment or promise to be "express." It rules out "implied" or "inferable" acknowledgments or promises. Cent. Dict. *Johnson* v. *Hussey*, 89 Maine, 488, S. C. 92 Maine, 92. Since the statute, the acknowledgment or promise must not only be absolute, unambiguous and deliberately and intentionally made, but it must be in writing and "express."

·In this case the payee of the note had deceased intestate, leaving as heirs two brothers and the minor children of a deceased brother, Moody Davis. The defendant was the mother and guardian of these minor heirs. Under these circumstances a writing was prepared by the administrator to be signed by the heirs, and after being signed by the two brothers as heirs it was presented to the defendant for signature, and she signed it. The paper is as follows: "To Joshua Davis, Administrator of the goods and estate of Gilman Davis, late of Harmony in the County of Somerset and State of Maine, deceased:

"We, the undersigned, brothers and sister of the late Gilman Davis, understanding that it was his wish and declaration that in the settlement of his estate the note which he held against his sister-in-law Hannah J. Davis, for the sum of $450. upon which $185. had been paid, should be given up to her upon the payment by her of the balance, $265. due thereon, without interest.

"We hereby request and authorize you as such administrator to accept such sum in full discharge of said note, and this letter to you shall be our receipt and authority for so settling the same.

Gardner S. Davis,<br>
Edward Davis,<br>
Mrs. H. J. Davis, Guardian of minor heirs

of Moody Davis."

- This writing alone does not remove the statutory bar. It does not appear to have been prepared or signed for that purpose. It does not contain any words of express acknowledgment or promise. While it contains a statement that $185. have been paid on the note there is no express statement that any balance was due or would be paid. It was simply an authority given by the heirs to the administrator to accept a specified amount in full.

Again, the defendant did not sign it as payor of the note, to bind herself personally, but only in her official capacity as guardian of her children and to bind them. It was held in *Gardiner* v. *Nutting*, 5 Maine, 140, 17 Am. Dec. 211, (before the statute requiring the acknowledgment to be in writing) that where the guarantor of a note was appointed a commissioner on claims against the estate of the deceased maker, his allowance of such note as a valid claim against

the estate was not an acknowledgment that it was valid against him. It was held in *Roscoe* v. *Hale,* 7 Gray, 274, that the insertion of a debt in the schedule of creditors, signed, sworn to and filed by the debtor in insolvency proceedings, was not such an acknowledgment of the debt as would remove the statutory bar. The court said: "It is not enough to prove an admission of indebtment if it is accompanied by circumstances which repel the inference or even leave it in doubt whether the party intended to revive the cause of action."

II. Whether a partial payment had been made on the note by the defendant within six years was a much disputed question of fact. The defendant in her testimony stoutly denied ever having made, authorized or ratified any such payment. The plaintiff, however, urges that the above writing was an express and conclusive admission of such payment since it was conceded that the payment there specified, if made at all, was made within the six years. Conceding that the writing was an express written admission of payment it was still only an admission, only evidence of payment. Notwithstanding the admission, the fact might have been otherwise and according to her testimony. No mere admissions in pais, however express or formal, are conclusive unless they operate as an estoppel, which is not the case here. Despite the admission, if any, contained in the writing it was still a question for the jury whether any payment had actually been made.

The presiding justice instructed the jury that the evidence introduced by the defendant constituted no defense to the action, and that a verdict should be returned for the plaintiff. This was clearly error, for if that evidence was true, (as it might be, not being intrinsically improbable,) the defendant as above shown was entitled to a verdict.

*Exceptions sustained.*