C. E. KLEIS, Appellant, v. JAMES McGRATH and ANN Mc-GRATH, Appellees.

**Bills and notes:** REVIVAL OF ACTION : NEW PROMISE. A simple
1 promissory note to be identified by parol as having been executed as evidence of unpaid interest on a prior note barred by the statute, is not such a written admission of the debt evidenced by the prior note as will revive the right of action thereon under code, section 3456.

**Mortgages:** SECURITY FOR INTEREST. A mortgage secures and may
2 be foreclosed to enforce payment of interest, only, on the principal note, and it is no objection that a note for such interest has been executed.

**Joinder of actions.** A mortgagor may enforce payment of the
3 principal note and one given for interest thereon in the same action.

*Appeal from Dubuque District Court.*— HON. FRED O'DON-NELL, Judge.

SATURDAY, MAY 6, 1905.

THE opinion states the case.— *Affirmed.*

*Hurd, Lenehan & Kiesel,* for appellant.

*McCarthy, Kenline & Roedell,* for appellees.

WEAVER, J.— The petition, which was filed December 9, 1903, declares upon two promissory notes, and seeks the foreclosure of a mortgage, and is stated in two counts.  In the first count it is alleged that on June 29, 1888, the defendant James McGrath made and delivered to plaintiff's assignor his promissory note for $2,250, payable five years after date, with interest at 7 per cent. per annum, which note is now owned by the plaintiff, and is due and unpaid. In the same count plaintiff further alleges that on June 30, 1902, the defendant James McGrath made and delivered to plaintiff another promissory note in writing for $28.75, which note it is further alleged was given for interest accrued on the note first described, and the instrument is set out in said first count for the purpose of showing an admission in writing that the principal debt was then unpaid, thus avoiding the plea of the statute of limitations thereon.   The second count declares solely upon the note of $28.75 above mentioned.   Judgment is asked for the unpaid balance on both notes, and foreclosure is prayed of a mortgage alleged to have been given by James McGrath and his wife, Ann Mc-Grath, at the date of the first note, to secure its payment. The defendants demurred to each count of the petition on the ground that the allegations thereof show the debt sued upon to be barred by the statute of limitations, and for the further reason that the pleading shows a misjoinder of causes of action and of parties, and because the two counts are inconsistent and contradictory.   The district court sustained the demurrer to the first count of the petition, and overruled

it as to the second count.  Both parties having elected to stand upon the record thus made without further pleading, the court dismissed plaintiff's action upon the first-mentioned promissory note and entered judgment in his favor for the amount of the smaller note and for a foreclosure of the mortgage.  Both parties appeal, but the plaintiff, being first to serve notice, will be herein denominated the appellant.

The one question presented is whether the making and delivering of the second note, when aided by parol evidence that it was given for unpaid interest on the first note, is such a written admission of the debt evidenced by the latter as will operate to revive the right of action thereon and prevent the interposition of the statute of limitations.  The suit was confessedly begun more than ten years after a right of action had accrued upon the first note, and it is therefore barred unless we give the second note the effect claimed for it by the appellant. Code, section 3456, reads as follows: " Causes of action founded on contract are revived by an admission in writing signed by the party to be charged that the debt is unpaid, or a like new promise to pay the same."  It is manifest that the note for $28.75 described in the petition is not a promise in writing, signed by the defendant, to pay the note for $2,250. Can it be construed as a written admission of the continued existence of the debt represented by the larger note?  Counsel for appellant have called our attention to several cases decided in other States which give some color of support to their contention that this question must be answered in the affirmative.  There is a wide variance, however, among the courts of the several States in the strictness with which statutes as to the revivor of causes of action by written promises or acknowledgments are interpreted and applied.  Some cases, especially those of an earlier date, seem to proceed upon the theory that the defense of the statute of limitations is not meritorious, and that all doubts are to be solved in favor of the creditor; others have adopted the view that the

1. REVIVAL OF ACTION: new promise.

statute is one of repose, and that the cause of action once barred ought not to be revived unless the plaintiff bring this case within the letter and spirit of the provisions permitting such revivor. Moreover, the statutes of the States creating a time limit upon the right to sue, and providing for the revival under some circumstances of a right once barred, are by no means uniform, and the decisions based thereon are ordinarily without decisive value as authority outside of the jurisdiction in which they have been announced. Referring to this statute, this court has already said, " We have found no statute like ours, and the cases in other States therefore give but little aid." *Parsons v. Carey,* 28 Iowa, 436. The prevailing tendency seems to be to permit a revivor by acknowledgment of the debt only where the writing relied upon is clear, explicit, and unequivocal in its terms. Says the Supreme Court of the United States: " If there be no express promise, but a promise is to be raised by implication of law from the acknowledgment of the party, such an acknowledgment ought to contain an unqualified and direct admission of a previous subsisting debt which the party is liable and willing to pay. * * * Any other course would open all the mischiefs which the statute was intended to guard innocent persons against, and expose them to dangers of being entrapped in careless conversations and betrayed by perjuries." See, also, *Bell v. Morrison,* 26 U. S. 362 (7 L. Ed. 174) ; *Smith v. Fly,* 24 Tex. 353 (76 Am. Dec. 109) ; *Shepherd v. Thompson,* 122 U. S. 236 (7 Sup. Ct. 1229, 30 L. Ed. 1156) ; *Kensington v. Bank,* 14 Pa. 481 (53 Am. Dec. 564) ; *Macrum v. Marshall,* 129 Pa. 506 (18 Atl. Rep. 640, 15 Am. St. Rep. 730) ; *Pierce v. Merrill,* 128 Cal. 473 (61 Pac. Rep. 67, 79 Am. St. Rep. 63).

It is an accepted doctrine that an acknowledgment of the existence of a debt is allowed to remove the bar of the statute, because such acknowledgment or admission carries with it an implied promise to pay. For that reason the acknowledgment must be express, clear, and direct, for it will

not do to infer or imply the acknowledgment, and therefrom imply the promise to pay; thus piling implication upon implication. But this is just what must be done in order to sustain the position taken by the appellant. Moreover, the implication which he asks the court to indulge in cannot be drawn from the writing alone, but from the writing and other alleged facts which he proposes to establish by parol. The note itself contains not a word or suggestion recognizing the existence of any other obligation from the maker to the payee, and this gap it is proposed to bridge by parol proof that the consideration of the written promise was interest earned or accrued on the debt represented by the other note. But when all this has been done the acknowledgment relied upon is still a matter of implication, and is in no sense of the word an acknowledgment in writing of the existence of any debt save the sum of $28.75, which he promises to pay. If the defendant, in addition to his written promise to pay said sum, had added thereto by way of explanation the words "interest on my note now held by said payee," this would have been an acknowledgment that appellant held an unpaid note against him, and parol testimony would have been competent to point out and identify the note to which reference was made. *Penley v. Waterhouse,* 3 Iowa, 418. By so doing we simply identify the subject-matter to which the acknowledgment or promise applied. We add nothing whatever to enlarge or extend the clear meaning and import of the writing which the defendant has subscribed. But, as we have already noted, the writing before us in this case is a simple, unequivocal promise to pay to the plaintiff the sum of money therein mentioned. There is no ambiguity or uncertainty requiring the aid of parol testimony for an explanation of the defendant's meaning or to identify the subject-matter of his promise. Such being the case, if we open the door for parol proof of facts and circumstances in no manner suggested by the writing, and from such facts and circumstances find an implied acknowledgment of an existing in-

debtedness upon another and different instrument, we shall, in effect, by judicial construction abolish the statute by which there can be no revivor of a demand against which the limitation has run except by a written promise or acknowledgment subscribed by the party to be charged.

None of the cases cited by the appellant from this court go farther in recognizing the competency of parol testimony than we have above indicated. In *Miller v. Beardsley*, 81 Iowa, 720, the defendant wrote to the plaintiff stating that he had paid plaintiff's agent the interest on $9,000, and referred to interest not yet due and to a note or notes which he "had not yet paid." In *McConaughy v. Wilsey*, 115 Iowa, 589, the defendant wrote, making express reference to a note, and promising to "try and pay it this fall." The acknowledgment relied upon in *Campbell v. Campbell*, 118 Iowa, 131, was contained in a letter containing a remittance, of which the writer says, "I think it pays the interest on my note to February, 1892," a date then in the future. In *First National Bank v. Woodman*, 93 Iowa, 671, the writing was also contained in letters remitting money to "pay interest on notes," and other letters stating that the writer hoped to be "able soon to pay the interest, . . . and, if possible, to pay the principal." In each of these cases it will be readily seen there is a clear and express reference by the defendant, in writing, to the existence of an unpaid indebtedness, the obligation of which is acknowledged by him; and in each case parol evidence was held admissible to identify the particular note or other form of indebtedness thus acknowledged. Beyond this well-established rule, we have never gone, nor can we do so without disregarding the statute. In *Wise v. Adair*, 50 Iowa, 104, we said with reference to an alleged written acknowledgment, "We should not extend the defendant's liability beyond what he admitted in writing." In other words, it is not competent to add by parol anything or any amount to the liability there admitted. In *Nelson v. Hanson*, 92 Iowa, 356, we reviewed our earlier

cases permitting the identification of the debt by parol evidence, and said, " But in all the cases the language used by the debtor was an unqualified admission of indebtedness either in words or in legal effect." The position of this court is also clearly indicated in *Bank v. Woodman, supra,* where, referring to language contained in certain writing or letters as an acknowledgment of the debt, we said, " While the letters relied on as containing the requisite admissions and promises to revive the cause of action are mostly those of remittances, it is not the fact of payment that is relied on, but the statements in the letters signed by the party." See, also, *Stout v. Marshall,* 75 Iowa, 498; *Hale v. Wilson,* 70 Iowa, 312. As bearing to some extent upon the same general proposition here discussed, see, also, *Lehman v. Mahier,* 34 La. Ann. 319; *Trainer v. Seymour,* 10 Tex. Civ. App. 674 (32 S. W. Rep. 154); *Boothby v. Bennett,* 73 Me. 117; *Eckford v. Evans,* 56 Miss. 18; *Wells v. Hill,* 118 N. C. 900 (24 S. E. Rep. 771); *Trustees v. Gilman,* 55 Miss. 148; *Gartrell v. Linn,* 79 Ga. 700 (4 S. E. Rep. 918); *Leonard v. Hughlett,* 41 Md. 380; *Davis v. Davis,* 98 Me. 135 (56 Atl. Rep. 588). Under our statute the common-law rule by which the partial payment of a claim operates to set the period of limitation running anew has been abrogated, and this court has never been inclined to indulge in overrefined construction to defeat the legislative will thus expressed. *Parsons v. Carey,* 28 Iowa, 431; *Harrencourt v. Merritt,* 29 Iowa, 71; *Roberts v. Hammon,* 29 Iowa, 128; *Hale v. Wilson,* 70 Iowa, 312.

If, then, a partial payment is to be no longer construed as an acknowledgment of the debt or promise to pay it, it is difficult to frame the statement of any good reason for giving such effect to a mere promise to make a partial payment. The Hale Case, last above cited, differs but little in principle from the one before us. There the defendant, the maker of a promissory note, made a payment to the holder, and himself wrote and signed an indorsement thereof

upon the note as follows: " Paid on the within note forty dollars, John Wilson." This we held not to be an acknowledgment of the debt which would prevent or avoid the defense of the statute of limitations. We said: " The mere payment of an amount of money upon a note is not an admission that no other payments have been made, nor that any other or farther sum than that paid was due. The rule for which plaintiff contends obtained at a time when it was competent to prove by parol that the payment was but a part of what was admitted to be due. By our statute the rights of the parties are fixed by the writing, and unless, by its terms, a further sum is admitted to be due, or a new promise is made, the operation of the statute is not arrested. The law does not authorize the construction of a writing stating the mere fact of the payment of a sum of money on a note to be, in effect, a statement that more is due and unpaid." This principle is clearly applicable to the controversy now under consideration. The demurrer to the first count of the petition was rightfully sustained.

II. There is, in our judgment, no merit in the defendants' appeal. The note there set out was not barred by the statute of limitations. The demurrer admits that it was given for interest earned on the earlier note which was secured by the mortgage. If this be true, the note thus made was secured by the mortgage, and plaintiff was entitled to a foreclosure to enforce its payment. A mortgage given to secure payment of a debt secures also the payment of the interest accruing thereon, and the mere fact that the debtor has given the mortgagee his note for such interest has no effect as a waiver or release of the lien. *Barbour v. Tompkins,* 31 W. Va. 410 (7 S. E. Rep. 1).

2. MORTGAGES: security for interest.

There was no misjoinder of the parties or causes of action. The defendant James McGrath was the sole maker of both notes. They were both secured by the same mortgage, and it is needless to say that

3. JOINDER OF ACTIONS.

it was entirely proper to make his wife a party to the proceeding.

The judgment of the district court is upon both appeals *affirmed.*