THOMAS W. DAVIDSON v. RICHARD HARRISSON et al.

STATUTE OF LIMITATIONS.—A receipt for à partial payment, made on a promissory note, although signed by the defendant, is not a sufficient acknowledgment of the balance due, to save the bar of the Statute of Limitations.

IN error from the Circuit Court of Chickasaw county. Hon. William L. Harris, judge.

W. P. Harris, for plaintiff in error.

The proof was clearly insufficient to establish a promise or acknowledgment to take this case out of the operation of the Statute of Limitations. See Smith v. Westmoreland, 12 S. & M. 663; McCullough v. Henderson, 24 Miss. R. 92; Robinson v. Anderson, Ib. 381.

Featherston and Orr, contra,

Cited Hutch. Dig. 832; Chewning v. Gatewood, 5 How. 552; Pawling v. United States, 4 Cranch, 219; Bank of United States v. Smith, 11 Wheat. 175; Thornton v. Bank of Washington, 3 Peters, 36; Ib. 96.

FISHER, J., delivered the opinion of the court.

The plaintiffs below brought this action, in the Circuit Court of Chickasaw county, to recover the balance alleged to be due upon a promissory note made by the defendant. The Statute of Limitations being interposed as a defence, the plaintiffs replied that the defendant had, within the prescribed time, acknowledged the debt

in writing; upon which, issue was taken.   In support of this issue, the plaintiffs read in  evidence a certain  credit indorsed upon the note, and signed by both parties.   To which evidence the plaintiffs demurred, and the court, upon this demurrer, rendered a judgment for the plaintiffs.

The credit is merely evidence of the fact, for which it was intended to be evidence, that so much had been paid on the note; but it is not evidence of any admission by the defendant that there was a balance due upon the note, nor can it be construed into a promise by him to pay such alleged balance.

Judgment reversed, and judgment on the  demurrer to the evidence, for the plaintiffs in error.