HALE v. WILSON.

70 311
99 357
70 311
f127 465

1. **Statute of Limitations**: PROMISSORY NOTE: EFFECT OF PARTIAL PAYMENT. A partial payment indorsed upon a note and signed by the maker is not an admission that the debt is unpaid, nor a new promise to pay the same, within the meaning of § 2539 of the Code, and will not support an action on the note begun more than ten years after it falls due, though within ten years after the date of the indorsement.

*Appeal from Lee Circuit Court.*

MONDAY, DECEMBER 13.

ACTION upon a promissory note. A demurrer to the petition was sustained. From the ruling of the court upon the demurrer the plaintiff appeals.

*Craig, Collier & Craig,* for appellant.

*Casey & Casey,* for appellee.

ROTHROCK, J.—The note upon which plaintiff demands judgment is for the sum of $267.18, executed by the defendant on the sixteenth day of July, 1867, and payable one day after date. On the first day of May, 1875, the following indorsement, signed by the defendant, was made on said note: "$40. Paid on the within note forty dollars. JOHN WILSON." This action was commenced on the twenty-fifth day of March, 1884, more than ten years after the note became due. The demurrer was grounded upon the statute of limitations. The plaintiff claims that the indorsement upon the note defeats the operation of the statute, and this is the sole question in the case.

It is provided by statute that "causes of action, founded on contract, are revived by an admission that the debt is unpaid, as well as by a new promise to pay the same; but such admission or new promise must be in writing, signed by the party to be charged thereby." Code, § 2539. This provision of the law is plain and explicit. The cause of action cannot be revived, except by an admission that the debt is unpaid, or by a new promise to pay the same, and the revivor must be in writing, and signed by the party to be charged.

In *Parsons v. Carey,* 28 Iowa, 431, it was held that, whatever effect a partial payment indorsed upon a note may have formerly had upon the operation of the statute of limitations, the admission or new promise under the statute above cited

must, in all cases, be in writing, and signed by the party to be charged. It will be observed that the indorsement on the note in the case at bar is signed by the defendant. The question, then, is: Does the indorsement, when considered in connection with the face of the note, import either an admission that the debt is unpaid, or a new promise to pay the same? We are clearly of the opinion that the circuit court correctly held that the writing in question was neither an admission nor a new promise. Counsel for the plaintiff claims that the indorsement is an admission that the debt was unpaid. If it were not for the statute, this claim might be well founded. But the mere payment of an amount of money upon a note is not an admission that no other payments have been made, nor that any other or further sum than that paid was due. The rule for which plaintiff contends, obtained at a time when it was competent to prove by parol that the payment was but a part of what was admitted to be due. By our statute the rights of the parties are fixed by the writing, and unless, by its terms, a further sum is admitted to be due, or a new promise is made, the operation of the statute of limitations is not arrested. The law does not authorize the construction of a writing stating the mere fact of the payment of a sum of money on a note to be, in effect, a statement that more is due or unpaid.

We have not thought it necessary to discuss the effect of a partial payment upon a debt under the common law, and under the statute in force in England, nor in other of the states in this country, because a payment upon a promissory note cannot, under our statute, be construed as an admission that more is due. The statute of the state of Mississippi appears to be substantially the same as that of this state; and, in support of the views herein expressed, see *Smith v. Westmoreland*, 12 Smedes & M., 663, and *Davidson v. Harrisson*, 33 Miss., 41.

AFFIRMED.