IOWA LOAN AND TRUST COMPANY v. SARAH A. McMURRAY and MARY A. McMURRAY, Appellants, W. L. READ and JULIET READ, Appellees.

**Limitation of actions:** EXTENSION OF TIME FOR PAYMENT: NEW PROMISE. An authorized agent of the maker of a note may by agreement with the payee, made within the life of the note, extend the time of payment, and the statute of limitations will not commence to run until the note falls due under the extension agreement; and the claim that the note was barred because the extension agreement was not signed by the maker personally, as required by Code section 3456 relating to the revival of actions, is not tenable.

*Appeal from Polk District Court.*— HON. HUGH BRENNAN, Judge.

SATURDAY, NOVEMBER 18, 1905.

SUIT in equity to foreclose a mortgage. There was a judgment for the plaintiff. The defendants Sarah A. and Mary A. McMurray appeal.— *Affirmed.*

*E. P. Hudson,* for appellants.

*Dudley and Coffin,* for appellee Iowa Loan & Trust Company.

SHERWIN, C. J.— On the 21st day of October, 1886, the appellant Mary A. McMurray executed and delivered to the Iowa Loan & Trust Company a promissory note for $800, payable, with interest, on the 1st day of October, 1889. On the same day she executed and delivered a mortgage on real estate securing the payment of said note. No part of the note was paid when due, and on the 27th day of January, 1890, its time of payment was extended to the 1st day of October, 1892, by a separate written instrument, to which the name of Mary A. McMurray was signed by W. L. Read, accepting the condition on which the extension was granted. The note was not paid according to the terms of the extension, and on the 5th day of October, 1893, it was in like manner again extended to the 1st day of October, 1897. On the 20th day of November, 1897, the note was again extended in the same way to the 1st day of October, 1900. August 12, 1902, it was again extended to the 1st day of April, 1905. These facts were stated in the original petition. A demurrer thereto was filed, alleging that the petition on its face showed that the cause of action was barred by the statute of limitations, and showed, further, that it had never been " revived by an admission in writing signed by the party to be charged that the debt is unpaid, or by a like new promise to pay the same." The demurrer was overruled and the plaintiff amended its petition, alleging, among other matters not material here, that W. L. Read was the agent and trustee of Mary A. McMurray, and that the written renewals or extensions were made by him as such agent and trustee. Mary A. McMurray then answered, denying that W. L. Read was ever authorized by her to extend the time of the payment of said note, and alleging that it was barred by

the statute of limitations. Sarah A. McMurray is a daughter of Mary A. McMurray, to whom the mortgaged property was afterwards deeded without consideration. She answered substantially as did her mother.

The appellants' brief is devoted principally to the contention that the statute of limitations had run against the note, and that there was no revival of the cause of action " by an admission in writing signed by the party to be charged that the debt is unpaid," as required by section 3456 of the Code. It is argued that a written admission under this statute cannot be made by a duly authorized agent because of the requirement that it be " signed by the party to be charged." The question is not in this case, however, as we shall presently show. In the first place, the action is not founded on the revival of a cause of action once barred. The whole tenor and effect of the petition is that the statute did not run because of the extensions of time pleaded. That the extensions were made in each instance during the life of the note on the request of Mr. Read, purporting to act for Mrs. Mc-Murray, is undisputed. No cause of action could accrue until the note became due, and, if there were valid extensions of the time when it became due, it is elementary that no cause of action would accrue thereon until the expiration of such time. The statute of limitations begins to run when the cause of action has accrued, and not before.

It is therefore apparent that the vital question in this case, as between the plaintiff and Mary A. McMurray, is one of fact, viz., did W. L. Read have authority from her to procure such extensions of time ? ` That she might constitute him her agent for such purpose, and that, having done so, his act would bind her, we presume no one will question. It is an elementary proposition that one may ordinarily do by an agent what he may do in person. We think the evidence very conclusively shows that Mr. Read was authorized to do exactly what he did do. His relations with Mrs. McMurray were of the closest kind. He procured the loan for which the

note and mortgage were given, and the money was paid out by him or under his direction for the building of the house now occupied by her. He was given entire control over this matter, as well as over other financial affairs of the appellant, and managed them all as his judgment dictated, and with her approval. It is true there is some testimony against this conclusion; but, when we consider the general infirmities of memory in persons who have reached the age that Mrs. McMurray has, the conflict in the testimony is more apparent than real. The rights of Sarah A. McMurray are necessarily determined by what we have already said. The mortgage is not barred, so long as the debt is unpaid and enforceable. *Brown v. Rockland,* 49 Iowa, 282; *Clinton County v. Cox,* 37 Iowa, 570.

The judgment should be, and it is, *affirmed.*