A. A. RAKE & SON v. CENTURY FIRE INSURANCE COMPANY, Appellant.

**Insurance:** CHANGE IN APPLICATION: WAIVER OF CONDITIONS. An insured has the right to assume that the company will not change his application for insurance or issue a policy not in accordance therewith. So that where the company altered the application after it had been signed by the insured and without his knowledge, and without calling his attention to the change, and the policy was delivered with the statement of the company that it was written in compliance with the application, such assurance was a waiver of any agreement that the insured would notify the company if the policy was not right.

*Appeal from Winnebago District Court.*—HON. J. F. CLYDE, Judge.

MONDAY, MARCH 14, 1910.

ACTION in equity to reform a contract of insurance and for judgment thereon when so reformed. Decree for the plaintiff. The defendant appeals.—*Affirmed.*

*Read & Read,* for appellant.

*Gordon & Belsheim,* and *Dunn & Carlson,* for appellee.

SHERWIN, J.—In March, 1905, the defendant insured the plaintiff, a copartnership, in the sum of $3,000 on its stock of general merchandise. The policy permitted concurrent insurance in the sum of $3,000, and provided that the contract should be void if the insured procured other insurance not therein authorized. The plaintiff thereafter procured additional insurance for an amount in excess of $3,000 and at the time of the loss still carried same. The defendant refused to pay because of such additional insurance, and thereupon the plaintiff brought this suit in equity alleging that the written application when signed by the plaintiff provided for other concurrent insurance without limit, and that, when the policy was delivered to plaintiff, the defendant's agent who made the delivery stated that it was written in conformity to the application.

The application for this insurance was written and was signed by a member of the plaintiff firm, A. A. Rake. He testified that he and the agent talked about concurrent insurance, and that it was finally agreed that the blank in answer to question 27, should be left unfilled, so that the application would read: "Other insurance concurrent herewith, permitted." The policy was written in the home office in Des Moines, and, when it was delivered to the plaintiff, there was attached to it what purported to be a copy of the application in which it was stated, "$3,000 other insurance concurrent herewith, permitted." There was also attached to the policy a policy form, or rider, which contained the same limitation. The agent who took the application and who prepared it for the plaintiff's signature testified that concurrent insurance was discussed by him and Mr. Rake, and that it was agreed that it might be taken by the plaintiff. He said, however, that he could

not remember the amount that was agreed upon or what, if anything, was said about it in the application. He was sure that he did not agree to unlimited concurrent insurance. When the application reached the home office in Des Moines, it did not meet the views of the defendant's president, and he ordered it changed; and it was changed by inserting the figures "$3,000" just in front of the words, "Other insurance concurrent herewith, permitted." Where these figures were inserted, an erasure was made of some word that had evidently been previously written in ink but what it was the record does not show with any degree of certainty. The agent who took the application testified that he filled out and attached to the application, in the presence of Mr. Rake, a policy form which, "to the best of his recollection," contained the statement, "$3,000 other insurance concurrent herewith, permitted." Miss White, the defendant's policy writer, testified that, "as she remembered it, the original form that was attached to the application showed $3,000 other insurance." She also said that she did not remember what the answer to item 27 was, but that they always made the policy agree with the written form on the application. Mr. Rake testified that no policy form or rider was attached to the application when he signed it, and that he did not see or know of any at that time. The policy form which it is claimed was attached to the application was destroyed in the defendant's office in Des Moines, and a purported copy thereof was attached to the policy. The application was altered by the defendant after it had been signed by the plaintiff and without the plaintiff's knowledge or consent. Nor was the plaintiff's attention at any time called to the fact that the defendant had assumed to change his application. On the contrary, the policy was delivered to the plaintiff with the statement that it was written in compliance with the application. If it be conceded that the defendant had the right to accept or reject the applica-

tion and to submit a policy different from the one called for, which would require an acceptance to make a contract, it still remains true that, when it delivered the policy to the plaintiff with the assurance that it was in accordance with the application, it is bound thereby. And such an assurance was a waiver of any agreement that the insured would notify the defendant if the policy was not right. The plaintiff clearly had the right to presume that the defendant would not change the application or issue a policy not in accordance therewith.

The judgment is *affirmed.*