J. A. HENNEMAN, Appellant, v. B. C. TABER et al., Appellees.

**LIMITATION OF ACTIONS:** Acknowledgment of Debt—Blank Bank
   Check. A promissory note against which the statute of limitation
   has fully run is not revived by the execution and delivery by the
   debtor to the payee of an undated negotiable bank check which
   is entirely blank as to amount.

*Appeal from Lee District Court.*—W. S. HAMILTON, Judge.

OCTOBER 17, 1924.

ACTION in probate, to set aside an order approving a final
report and discharging the executor in an estate, and praying
that said estate may be opened and a claim allowed therein. A
demurrer to claimant's petition was sustained, and the claimant
appeals. The facts appear in the opinion.—*Affirmed.*

*E. W. McManus,* for appellant.

*Hollingsworth & Blood,* for appellees.

FAVILLE, J.—The petition alleges that, on or about January
2, 1906, the decedent, B. P. Taber, executed and delivered to
the claimant a certain promissory note in writing, in the prin-
cipal sum of $5,000, due five years after date. A copy of said
note is embodied in the petition. On the back of said note ap-
pears the following indorsement: "Jan. 11, 1912, Int. paid
$300.00 to 1-11, 1912."

It is further alleged that, in the year 1913, the said decedent
made a written acknowledgment of said obligation by executing
and delivering to claimant a blank check, a copy of which is as
follows:

            "Keokuk, Iowa, .... 190.. No.....
      "KEOKUK SAVINGS BANK
"Pay to      J. A. Henneman      or order    $.......
.........................................Dollars.
                        "B. P. Taber."

It is also alleged that, at the request of said decedent, the claimant withheld said check, and did not present the same, and that the said check was placed in claimant's safe, and was not discovered until in May, 1921. The petition alleges certain facts purporting to excuse the delay in the discovery of said check and the presenting of appellant's claim.

Appellees filed a demurrer to appellant's petition on a number of grounds, but, in fact, raised but two propositions: First, that the petition shows on its face that appellant's claim is barred by the statute of limitations, and that no facts are alleged which in law operate to remove the bar of said statute; and second, that the allegations of the petition are insufficient to show equitable circumstances which permit the opening of said estate after it is closed, for the purpose of presentation of said claim.

The court sustained the demurrer on the grounds which embodied the first of these propositions, and overruled it as to the grounds which are included in the second proposition. We deem it necessary to pass only upon the question involved in the first proposition.

On the face of the pleading, it appears that the note which appellant seeks to establish is barred by the statute of limitations, according to its terms. It is not seriously contended that the indorsement of the payment of interest on the back of the note operated to remove the statute of limitations; so that our inquiry narrows itself to the single proposition as to whether or not the blank check above set out and the delivery of the same to appellant operated as an acknowledgment of the debt under the statute, in such a manner as to remove the bar.

Section 3456, Code, 1897, is as follows:

"Causes of action founded on contract are revived by an admission in writing, signed by the party to be charged, that the debt is unpaid, or by a like new promise to pay the same."

This section has been the subject of frequent consideration by this court.

Was the blank check "an admission in writing * * * that the debt is unpaid," or was it "a like new promise to pay the same?"

We have quite recently had before us the consideration of

this statute in the case of *Bakey v. Moeller*, 185 Iowa 946, where the authorities are reviewed and the statute discussed. We therein said:

"The writing must, by its terms, either admit or promise to pay some indebtedness of the writer. A promise to pay may be implied from an admission of the indebtedness."

We also said:

"The writing need not, however, specifically identify the indebtedness as that upon which suit is based. This may be established by extrinsic evidence."

In the instant case, appellant contends that parol evidence was admissible to show that the blank check referred to the indebtedness evidenced by the note. The difficulty with appellant's situation, however, is that the blank check does not, by any clear, express, or direct admission, refer to any indebtedness or promise to pay the same. If it be conceded that, had the check recited any amount, parol evidence might be admitted to show that said amount had reference to the note in suit, still nothing of that kind appears here. The cases recognizing a writing as being sufficient to remove the bar of the statute are collected in the *Bakey* case, as are also those holding certain writings to be insufficient. No useful purpose will be served by reviewing the cases again at this time. The rules of law are well fixed and established. Each case must, of necessity, be determined upon its own facts as to whether the writing set forth is sufficient to comply with the requirements of the statute and constitute a revival of a barred debt. The blank check in the instant case is not such a writing, and the demurrer to appellant's petition was properly sustained.

The ruling appealed from must be, and it is,—*Affirmed.*

ARTHUR, C. J., and EVANS and PRESTON, JJ., concur.