IN RE ESTATE OF MARY SLEEZER.

No. 39790.

*Molyneux, Maher & Meloy,* for appellant.

*J. P. Shoup, T. P. Cleary,* and *A. W. Johnson,* for appellees.

Faville, J.—On November 5, 1910, the decedent executed and delivered to the claimant a promissory note for $1,000, due in one year from date, and on April 18, 1911, likewise executed and delivered to the claimant a promissory note for $2,000, due in one year from date. Each of said notes bears an indorsement on the back thereof as follows: "July 20, 1920, paid $25.00." Upon trial of the case, the claimant offered to prove that, on the 20th day of July, 1920, the claimant and the decedent entered into an oral agreement with regard to said notes, wherein the decedent stated to the claimant, in effect, that, if claimant would extend said notes for a period of one year, decedent would pay the interest due thereon; and that claimant, at the time, orally agreed with the decedent to extend said notes for a period of one year, if decedent would pay $50 as interest; that decedent did at said time pay to the claimant the said sum of $50, $25 of which was indorsed upon each of said notes. It is contended that at said time the decedent said that she would pay said debt, but could not do so then, and that, if claimant would extend the time of payment for one year, she would pay it. The decedent died June 28, 1926. The claim was filed November 20, 1926. It is apparent that the claim is barred by the statute of limitations unless said statute has been tolled. The question presented for our determination has a twofold aspect: (1) May an acknowledgment of indebtedness sufficient to bar the statute of limitations be made before the action is barred, or can it only be made afterward; and (2) may an acknowledgment sufficient to bar the statute rest in parol?

I.   Section 11018, Code, 1924, is as follows:

''Causes of action founded on contract are revived by an admission in writing, signed by the party to be charged, that the debt is unpaid, or by a like new promise to pay the same.''

This statute had its inception in the Code of 1851, where it appeared as Section 1670, as follows:

''Causes of action founded on contract are revived by an admission that the debt is unpaid as well as by a new promise to pay the same.''

While the statute was in this form, the case of *Penley v. Waterhouse,* 3 Iowa 418, was decided. In said case this court held that, in order to revive a debt which was barred by the statute of limitations, it was not necessary that the promise to pay be made *after* the debt is barred by the statute, but that such promise may be made before the debt is barred. The statute was amended by the Revision of 1860, being Section 2751, which reads as follows:

''Causes of action founded on contract are revived by an admission that the debt is unpaid, as well as by a new promise to pay the same. But such admission or new promise must be in writing, signed by the party to be charged thereby.''

The material change made in the statute was the requirement that the acknowledgment or the promise should be in writing. Under this statute, the question again arose as to whether the promise or acknowledgment which would obviate the bar of the statute of limitations could be made before or after the bar had run. In *Lindsey v. Lyman,* 37 Iowa 206, we adhered to the rule of *Penley v. Waterhouse,* supra. It was argued in said cause that the word ''revive'' means to bring again to life, and that the statute could only apply where the action was already barred. We said:

''There is nothing in the meaning of the word as thus employed which renders it necessary that the reanimating, renewing influence of the promise or admission shall begin to be exerted the instant the admission or promise is made. If the debt is already barred at the time of the admission or new promise,

it at once restores it. But if the debt is not then barred, its operation is suspended until the time elapses when the remedy for the enforcement of the debt, but for the admission or promise, would be gone, and then it reanimates or revives the debt. Or, more properly speaking, by its life-sustaining energy, it preserves life in that which was about to die, and which, but for it, would have been dead.''

We again recognized the same rule in *McConaughy v. Wilsey,* 115 Iowa 589.

We therefore hold that the statute of limitations may be tolled by proper acknowledgment, or a new promise made, before the statute has run, as well as afterwards.

II. It is the generally recognized rule that an action that is apparently barred by the statute of limitations can be maintained only in the event that said statute of limitations has been tolled in a legal manner. The legislature has definitely pointed out the method that is available to raise the bar of the statute of limitations. It expressly requires a written promise or a written acknowledgment. Whether the same is made before or after the debt is barred, it still must be in writing, under the express terms and provisions of the statute. In *Mortenson v. Knudson,* 189 Iowa 379, we said:

''The statute expressly provides the methods and conditions under which the running of the statute is tolled. Among others, a written promise or a written acknowledgment is provided. No authority is cited to us wherein it has ever been held that an oral promise to pay at a later date will toll the running of the statute upon an account already accrued.''

As we have seen, the same rule would apply where the claim had not accrued when the oral promise was made. In either event, a writing is essential.

The appellant places great reliance upon the case of *Iowa L. & Tr. Co. v. McMurray,* 129 Iowa 65. In that action, suit was brought to foreclose a mortgage. The time of payment of said mortgage had been extended four different times, by separate written instruments, by which the debtor accepted the conditions on which the extension of the time of payment was made. Said written instruments were executed *before* the statute of

limitations had become operative. Said written instruments were signed by the agent and trustee of the debtor. We held that the evidence offered conclusively showed that the agent and trustee was duly authorized to do exactly what he did, in executing the written instruments acknowledging the indebtedness. Appellant lays stress upon the following from the opinion in said case:

"No cause of action could accrue until the note became due, and, if there were valid extensions of the time when it became due, it is elementary that no cause of action would accrue thereon until the expiration of such time. The statute of limitations begins to run when the cause of action has accrued, and not before."

We also said:

"It is therefore apparent that the vital question in this case, as between the plaintiff and Mary A. McMurray, is one of fact: viz., did W. L. Read have authority from her to procure such extensions of time? That she might constitute him her agent for such purpose, and that, having done so, his act would bind her, we presume no one will question. It is an elementary proposition that one may ordinarily do by an agent what he may do in person. We think the evidence very conclusively shows that Mr. Read was authorized to do exactly what he did do."

The effect of the decision is that the statute of limitations did not run because the bar of the statute was removed by the written promise of the debtor, renewing the obligation, which written promise was executed by the agent of the debtor, having full authority to bind her to such new promise. The original record in the case, which we have examined, discloses that the agreements for extension were a complete recognition of the indebtedness, and an agreement to pay at an extended time. We held that the agreements were signed by the party to be charged, by her duly authorized agent to "do exactly what he did do." Under its facts, the case is not inconsistent with our other pronouncements, and the decision might well have been rested upon the fact that the record showed a full compliance with the requirements of the revival statute.

In so far as the opinion in *Iowa L. & Tr. Co. v. McMurray*

appears to be inconsistent with our conclusion announced in this case, it must be deemed overruled.

The language of the statute is clear and explicit. In order to obviate the bar of the statute of limitations, there must be an admission in writing, signed by the party to be charged, that the debt is unpaid, or a like new promise to pay the same. Even though such admission or promise may be made before the bar of the statute has run, as well as afterward, it is imperative, under the statute, that it shall be made in writing. To hold otherwise would be, in effect, to render the statute a nullity. The instant case illustrates what might well result, under such a rule. A promissory note is apparently barred by the statute of limitations. The contention of the claimant is that the decedent orally acknowledged the debt, and obtained an extension of time for one year, which tolled the statute. If proof is admissible to establish such an oral agreement, why could not one be made covering a period of ten years, or twenty years? The statute would become utterly meaningless, in the face of such proof.

The question of what constitutes a sufficient writing under this statute is not involved in this appeal. There is no evidence whatever of any writing signed by the party to be charged, or any ''like new promise'' that can lift the bar of the statute. On the face of the instruments, the statute of limitations is a complete bar to the claimant's right to recover. That bar can only be lifted by proof in compliance with the provisions of the statute. There is no proof that brings the claimant's case within the purview of the statute, and therefore the bar is not raised.

The action of the district court in directing a verdict in behalf of the administrator is correct, and it is—*Affirmed.*

ALBERT, C. J., and EVANS, MORLING, KINDIG, WAGNER, and GRIMM, JJ., concur.