JANE R. KING, Appellant, v. E. W. KNUDSON, Appellee.

No. 40182.

MARCH 18, 1930.

*Lee & Cole,* for appellant.

*Burnstedt & Hemingway,* for appellee.

WAGNER, J.—The note in suit was executed by E. W. Knudson, as principal, and Gilbert Knudson, as surety, unto John R. King, who died April 3, 1924, leaving the plaintiff, Jane R. King, as his surviving widow. On the  back of the note appears the following indorsement: "Pay Jane R. King or order,"—which is signed by the payee. When said indorsement was made, is not shown by the record. The note bears date August 13, 1913, and is made payable "on or before the 13th day of August, 1916."

At the time of the execution of the note, and continuously thereafter, E. W. Knudson, the maker, was the cashier of the State Bank of Jewell, and Gilbert Knudson, the surety, was the president of said banking institution. Both of the Knudsons were made defendants to the suit. At the close of the evidence, the court sustained a motion for a directed verdict in favor of the surety, Gilbert Knudson. Of this action by the trial court the appellant makes no complaint, and the propositions for our determination are only as between the plaintiff and the maker, E. W. Knudson. The maker pleaded the statute of limitations. The plaintiff, in her reply, pleaded estoppel. At the close of the evidence, both parties moved for a directed verdict. The court overruled plaintiff's motion, and sustained the motion of the defendant, E. W. Knudson. From this action by the trial court the plaintiff has appealed.

It is thus apparent that the court held with the appellee upon his plea of the bar of the statute of limitations, and that plaintiff's plea of estoppel was not established.

We will first consider appellee's plea of the statute of limitations. This action was begun February 7, 1928. It will be observed that the note, according to its terms, became due on the 13th day of August, 1916, and that, unless there is something to toll the statute, the statutory bar became complete on the 13th day of August, 1926, about 18 months prior to the time of the commencement of the action. There appears upon the back of the note the following indorsement: "Interest paid up to August 13th, 1916. Dated August 21st, 1916. Note extended to August 13th, 1917." Said indorsement is in the handwriting of the appellee. There also appears upon said instrument the following indorsement: "Interest paid to August 13th, 1917. Note extended to August 13th, 1918." Said indorsement is also in the handwriting of the appellee. There appears upon the note the following further indorsement: "Interest paid to August 13th, 1918. Note extended to August 13th, 1919." Said indorsement was made by the payee, John R. King. The interest due on August 13, 1919, was also paid. The note bears no subsequent indorsements of payment or attempted extensions. It is apparent that what occurred relative to any attempted extension of time to August 13, 1917, can be of no benefit to the appellant; for, even if it be conceded that the

note became due on said date, the bar of the statute of limitations became complete on August 13, 1927. The appellant must rely upon the subsequent indorsements appearing upon the instrument; and she makes no serious contention relative to the indorsement made by the payee, John R. King, but relies upon the indorsement in the handwriting of the appellee, "note extended to August 13, 1918," as being sufficient to remove the bar of the statute.

It appears that the payee kept his notes in the bank of which appellee was cashier, and that they were delivered by the bank officials at any time when requested. All that is shown is that the payee knew of the indorsement, "note extended to August 13th, 1918." The question presented is: Has the statutory bar been tolled by the indorsement "note extended to August 13th, 1918," which appears in the handwriting of the appellee, but is not signed by him, and which indorsement was made with the knowledge of the payee? By reason of our statute and our prior decisions, this question must be answered in the negative. See Section 11018, Code, 1927; *In re Estate of Sleezer*, 209 Iowa 56, and cases therein cited. Section 11018 of the Code provides:

"Causes of action founded on contract are revived by an admission in writing, signed by the party to be charged, that the debt is unpaid, or by a like new promise to pay the same."

In *In re Estate of Sleezer*, supra, we held that the statute of limitations may be tolled by proper written acknowledgment or a new promise made before the statute of limitations has run, as well as afterwards, but that, in order to obviate the bar of the statute of limitations, there must, in accordance with Section 11018 of the Code, be an admission in writing, signed by the party to be charged, that the debt is unpaid, or a like new promise to pay the same. It is apparent that the statute of limitations had fully run against the note in suit, unless there has been compliance with the aforesaid statutory provision. It will be observed that the indorsement upon the back of the note is not signed by the maker,—the party to be charged,—as required by said statute. Therefore, in accordance with the statute and our previous pronouncements, we hold that the bar of the statute of limitations has not been tolled, and that appellee's

plea, raising the bar, is a complete defense, unless it be that he is estopped from asserting it.

Now, what as to appellant's plea of estoppel? Under the record, as made, this question needs but little consideration. It is shown by the record that the appellee rendered services for John R. King during his lifetime, and after  his death to the appellant. The Kings kept their notes and valuable papers in the bank, as is often done by customers of banking institutions. Upon call, said papers were delivered to them. Payments by their debtors were frequently made at the bank, and proper credit given to the account of the Kings. At their request, notices of payments due by other debtors were mailed, and collections made. The appellee made many trips from the bank to the home with their notes and papers, and, as shown by the record, complied with their every wish in this respect. The appellant contends that a confidential relationship existed between the Kings and the appellee; that, by reason of the relationship between the parties, the appellee is estopped from asserting the statute of limitations. The record fails to reveal that the appellee did anything which misled the appellant, and no misrepresentations or concealments are shown. In order to constitute estoppel, there must be some conduct, some act of commission or omission by one party, upon which the other party to the transaction has a right to rely, and does rely to his prejudice. Estoppel is not made out, in the absence of evidence that the act or conduct relied upon to constitute the same was acted upon by the other party so that he was misled or prejudiced. See *City Bank of Boone v. Radtke,* 87 Iowa 363; *Redhead v. Iowa Nat. Bank,* 127 Iowa 572; *Easton v. Somerville,* 111 Iowa 164; *Gardner v. Roach & Keck,* 111 Iowa 413; *Vogt v. City of Grinnell,* 123 Iowa 332; *Lord, Owen & Co. v. Wood,* 120 Iowa 303; 21 Corpus Juris 1113; 21 Corpus Juris 1119; 21 Corpus Juris 1126. The statute of limitations did not run against the note until August 13, 1926. The plaintiff was not called as a witness, and no reason is shown for the failure to use her as a witness. The record fails to disclose any act of commission or omission by the appellee upon which the appellant relied to her detriment. Therefore, her plea of estoppel must fail.

We have considered all propositions urged by the respective parties, and find no error; and the judgment of the trial court is hereby affirmed.—*Affirmed.*

MORLING, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.