## TUCKER v. OWEN.

### No. 4206.

Circuit Court of Appeals, Fourth Circuit.

Jan. 4, 1938.

NORTHCOTT, Circuit Judge, dissenting.

Cralle F. Blackwell, of Kenbridge, Va. (A. C. Whitehead, of Kenbridge, Va., on the brief), for appellant.

Edward M. Hudgins, of Chase City, Va., and John T. Grigsby, of Richmond, Va., for appellee.

Before NORTHCOTT and SOPER, Circuit Judges, and McCLINTIC, District Judge.

SOPER, Circuit Judge.

In this suit brought by G. H. Tucker, receiver for the First National Bank of Chase City, Va., plaintiff in the District Court, against W. H. Owen on three promissory notes, the question is whether an unwritten promise, with nothing more, not to plead the statute of limitations to a debt, made before the bar of the statute has fallen, and relied upon by the plaintiff, is enforceable by reason of waiver or estoppel after the bar has fallen under the provisions of section 5821 of the Virginia Code of 1936.

When the receiver was appointed, the defendant was largely indebted to the bank as a maker and as an indorser of promissory notes. On April 16, 1936, he made a statement of his assets and liabilities, and offered $2,000 to the receiver in full settlement of all his obligations to the bank. He was told that his proposition would have to be submitted to the Comptroller of the Currency and that, in the interval, some of the notes would probably become barred by limitations. Thereupon he stated to the receiver that he would not plead the statute on any of his obligations. The Comptroller rejected his offer of compromise and thereafter on May 9, 1936, the defendant requested the receiver not to sue him and again promised that he would not plead the statute of limitations. Later he stated that he was applying for a loan on his farm and would use the proceeds to pay his debts to the bank and again promised that if the receiver would not sue him, he would not plead the statute. Subsequently he received the proceeds of a loan on his farm and applied them to the payment of his indebtedness to the bank but they were insufficient for the purpose. On July 25, 1936, the receiver sent him a letter, to be signed by him, agreeing that he would not plead the statute of limitations. He refused to sign the written promise, but assured the receiver that he would not plead the statute and that his word was as good as his bond. But for this promise, suit would have been instituted before the period of limitations expired. The receiver, relying on the promise, did not bring suit until January 4, 1937, after the statute had run. The defendant filed a plea of limitations, pointing out that all three of the notes had become due and payable more than five years prior to January 4, 1937, and that they were therefore barred by the statute.

Section 5821 of the Virginia Code is as follows:

"*Promise not to plead the statute.*— Whenever the failure to enforce a promise, written or unwritten, not to plead the statute of limitations would operate a fraud on the promisee, the promisor shall be estopped to plead the statute. In all other cases an unwritten promise not to plead the statute shall be void, and a written promise not to plead it shall have the effect of a promise to pay the debt or discharge the liability."

The District Judge sustained the plea of limitations on the ground that under the statute the defendant was not estopped from pleading the defense unless such ac-

tion would operate a fraud on the promisee, and that the mere proof that a promise has been made and broken is not sufficient to establish fraud unless it is shown that when the promise was made the promisor then had the intention not to fulfill it. Finding no evidence that the defendant had such an intention when the promise was made, the judge concluded that no fraud had been proved and that the plea of limitations should be upheld.

If the word "fraud" in this setting be given the specific interpretation indicated, the conclusion of the District Court is correct. But it does not appear to us, in the absence of a pronouncement by the courts of Virginia, to be in harmony with the purpose of the act. The broad intention is manifest to protect a creditor who has relied on the promise of his debtor and to make it impossible for the debtor to secure immunity from an honest claim through the medium of his broken word. Such conduct may not be fraud in the sense of a false pretense, that is, a false representation of an existing fact, but if successful, it makes possible a gross injustice and lacks the elements of honesty and fair dealing which are the antitheses of fraud. Indeed, using the expression in an intelligent and proper sense, such conduct would, in the words of the statute, "operate a fraud" and would be regarded as an act of bad faith.

It is true that fraud cannot ordinarily be predicated upon statements promissory in their nature, Sawyer v. Prickett, 19 Wall. 146, 22 L.Ed. 105; 12 R.C.L. 254, 257; and, in some cases, it has been held that a verbal promise not to plead the statute of limitations will not avail by way of an estoppel in pais, when both parties are equally cognizant of the facts, Shapley v. Abbott, 42 N.Y. 443, 1 Am.Rep. 548. But, on the other hand, under circumstances similar to those in the pending case, the courts themselves frequently use language indicating that a breach of promise may amount to bad faith or effectuate a fraud. Thus in Schroeder v. Young, 161 U.S. 334, 16 S.Ct. 512, 40 L.Ed. 721, the court decreed that a debtor should be permitted, because of certain irregularities in the proceedings, to redeem, after the redemption period, certain property sold at an execution sale. The defendant relied mainly upon the fact that the statutory period of redemption had been allowed to expire before the suit was filed; but the court found that before the time to redeem had expired, the defend-ant assured the plaintiff that the statutory period would not be insisted upon, and that the plaintiff relied upon this assurance. The court said (161 U.S. 334, at page 344, 16 S.Ct. 512, 516, 40 L.Ed. 721):

"Defendant relies mainly upon the fact that the statutory period of redemption was allowed to expire before this bill was filed, but the court below found in this connection that before the time had expired to redeem the property the plaintiff was told by the defendant Stephens that he would not be pushed, that the statutory time to redeem would not be insisted upon; and that the plaintiff believed and relied upon such assurance. Under such circumstances the courts have held with great unanimity that the purchaser is estopped to insist upon the statutory period, notwithstanding the assurances were not in writing, and were made without consideration, upon the ground that the debtor was lulled into a false security. Guinn v. Locke, 1 Head [Tenn.] 110; Combs v. Little, 4 N.J.Eq. 310 [40 Am.Dec. 207]; Griffin v. Coffey, 9 B. Mon. [Ky.] 452 [50 Am.Dec. 519]; Martin v. Martin, 16 B.Mon. [Ky.] 8; Butt v. Butt, 91 Ind. 305; Turner v. King, 2 Ired.Eq. [37 N.C.] 132, [38 Am.Dec. 679]; Lucas v. Nichols, 66 Ill. 41; McMakin v. Schenck, 98 Ind. 264. In Southard v. Pope's Ex'rs, 9 B.Mon. [Ky.] 261, 264, it is said that 'a refusal by the purchaser to accept the money and permit the redemption to be made within the time agreed would be a *fraud* upon the defendant in execution, and authorize an application by him to a court of equity for relief.'" (Italics supplied)

In Chesapeake & Nashville R. Co. v. Speakman, 114 Ky. 628, 71 S.W. 633, 63 L.R.A. 193, upon which both parties to the pending suit rely for a correct statement of the law, the court held that even in the absence of a statute on the subject, a debtor who had orally promised not to rely on the statute of limitations was estopped from pleading the defense. The conclusions of the court in this and similar cases are summarized as follows in the note appended to the report of the case in 63 L.R.A. 195:

"In a majority of cases it is held that the doctrine of estoppel applies where the creditor, before the debt is barred, is lulled into security by the oral promise of the debtor that he will not avail himself of the statute of limitations, and suit is delayed by reason thereof. It is not necessary that the debtor should intend to mislead, but, if

his declarations are such as are.calculated to mislead, the creditor, who acts upon them in good faith, an estoppel will be created. In some cases the estoppel is put upon the ground that it would *operate as a fraud* upon the creditor." (Italics supplied.)

The Supreme Court of Virginia has also given its approval to the use of the word "fraud" in the broader sense in Lloyd v. Smith, 150 Va. 132, 142 S.E. 363, 366. Quoting from a Wyoming case it said:

"This general language from Metcalf v. Hart, 3 Wyo. 513, 550, 27 P. 900, 913, 31 P. 407, 31 Am.St.Rep. 156, is worthy of repetition:

" 'It would be rash to attempt to give a perfect definition of fraud. Many eminent jurists have attempted it. None have succeeded. The best definitions given admit of so many exceptions as to greatly impair. their usefulness in judicial discussion. The only safe way seems to be to define, or rather describe, the fraud suspected to exist in any given case, by comparison with similar cases selected from the reports. Of all the attempted definitions to be found it seems that none are more satisfactory or instructive than merely to say that fraud is unfair dealing; and when through inducements held out by one person, even only by means of a promise, by which another person is influenced to change his position so that he cannot be placed in statu quo, and will be seriously damaged unless the promise is fulfilled, then the refusal to perform is *fraud*. Any transaction that outrages our sense of justice or shocks the conscience of an honest man may well be viewed with suspicion and scrutinized closely.'

"So it has been frequently held that *fraud* may sometimes be predicated upon the failure to perform a promise where the promise is the device to accomplish the fraud. Pocatello Security Trust Co. v. Henry, 35 Idaho 321, 206\ P. 175, 27 A.L. R. 337, note; 12 R.C.L. 258." (Italics supplied.)

See, also, Gaylord v. Van Loan, 15 Wend., N.Y., 308; Stearns v. Stearns Adm'r, 32 Vt. 678; Wilson v. Butt, Va., 190 S.E. 260, 265, 109 A.L.R. 1434.

With these instances of the use of language like that in the Virginia statute be-

fore us, it becomes clear that there.is no compulsion upon us to restrict the scope of the statute by a narrow interpretation of the word "fraud." Nor do the decisions of the Virginia courts or the history of the legislation lead us in this direction. Judge Burks, formerly of the Supreme Court of the state, pointed out in his work on Pleading and Practice, 1st Ed., 1913, § 225, p. 417 to 420, before the enactment of section 5821 of the Virginia Code that although some conflict in the authorities exists, the weight of legal adjudication and the trend of modern cases firmly establish the rule that a promise of the debtor not to plead the statute, made before the expiration · of the statutory period, operates as an estoppel in pais when the creditor has relied upon the debtor's assurance "to such an extent that to permit the interposition of the defence would be unconscientious, unequitable and unjust, and would operate a fraud upon the creditor." At that writing, as the author pointed out, p. 420, it had not been settled in Virginia whether the right to waive the statute of limitations was or was not contrary to public policy, a question now settled by the statute. Burks' Pleading and Practice, 2d Ed.1921, § 215, page 407; 3d Ed.1934, § 216, page 378.[1] But in most jurisdictions, even in the absence of a statute, as the appellee concedes, the rule was that a promise, whether oral or written by a debtor not to plead the statute of limitations if relied upon by the creditor, precluded the debtor from interposing the defense. See 10 R.C. L. 139.

Judge Burks ventured the opinion that if the promise not to plead the statute is such as would operate a fraud upon the plaintiff to allow it to be pleaded, the Virginia court would, even independently of statute, hold with the majority of other courts that the defendant is estopped from setting it up. Burks, Pleading and Practice, 1st Ed., p. 420. In the recent Virginia case of Sadler v. Marsden, 1933, 160 Va. 392, 168 S.E. 357, a promisor was occupying land covered by a deed of trust to secure a note of $1,000. The land. stood in the name of his brother who had assumed the payment of the debt. The twenty-year period of limitations expired on April 1, 1928. The holder of the note, being apprehensive that it would be barred by the

---

[1] The citations to these sections indicate that the question was open. Compare Holladay v. Littlepage, 2 Munf., Va., 316; Bowles' Ex'r v. Elmore's Adm'x, 7 Grat., Va., 385; Liskey v. Paul, 100 Va. 764, 42 S.E. 875.

statute, requested the promisor in 1927 either to pay the note or to have his brother renew it and execute a new deed of trust, and delivered the note to the promisor, upon the latter's representation that he would have his brother execute a new note and deed of trust. The creditor having confidence in the promisor, and believing that he was acting in good faith, delivered the note to him and delayed suit until the period of limitations had expired. The promisor secretly destroyed the note and did not secure a new note or mortgage. After the period of limitations had expired, he secured a deed of the property from his brother and it then transpired that the property had belonged throughout to the promisor and had been put in his brother's name to protect it from the promisor's creditors. The moving cause for the delay in bringing suit seems to have been the promise to secure a new note. The court held that fraud was proved because of the false promises and representations made to the creditor who was induced to delay action beyond the statutory period. The court said (160 Va. 392, 400, 401, 168 S.E. 357, 360):

"The law seems to be well settled that where a debtor, by his fraudulent acts and representations, has misled the creditor and induced him to refrain from instituting proceedings to protect his rights, until after the bar of the statute has fallen, the debtor is estopped to plead the statute of limitations as a defense. In 17 R.C.L. page 884, this is said:

" 'A debtor has frequently been held to be estopped from relying on the statute as a defense where, by acts of a fraudulent character, he has misled the creditor and induced him to refrain from bringing suit within the statutory period. And if a defendant intentionally or negligently misleads a plaintiff by his misrepresentations, and causes him to delay suing until the statutory bar has fallen, the defendant will be estopped from pleading the statute of limitations. And the prevailing view seems to be that the doctrine of estoppel applies where the creditor, before the debt is barred, is lulled into security by the oral promise of the debtor that he will not avail himself of the statute of limitations, and suit is delayed by reason thereof. It is not necessary that the debtor should intend to mislead but, if his declarations are such as are calculated to mislead the creditor, who acts upon them in good faith, an estoppel will be created. * * * Again, an

estoppel has been held to apply where a party was prevented from taking action, within the time prescribed by the statute, by reason of representations made to him of existing facts, within the knowledge of the party making them, and of which the party relying thereon was ignorant."

"See, also, 37 C.J. p. 725 and Culpeper Nat. Bank v. Tidewater Improvement Co., 119 Va. 73, 89 S.E. 118.

"Of course, we do not intend by what is here said to hold that an oral promise will remove the bar of the statute of limitations."

The oral promise referred to in the last-quoted sentence is a promise to pay the debt, and such a promise is ineffective to remove the bar of the statute because of the provisions of section 5812 of the Virginia Code, which has been construed to mean that such a promise to be effective must be in writing, and that neither an oral acknowledgment or a new promise to pay a debt, nor a part payment thereof, unless evidenced by writing, will be sufficient to take the debt out of the statute of limitations after an action on the original promise has become barred. Gwinn v. Farrier, 159 Va. 183, 189, 165 S.E. 647.

No reference was made in Sadler v. Marsden, supra, to section 5821, doubtless because that section relates to promises not to plead the statute of limitations, and not to promises to pay a debt. When a promise of the former sort is made and acted upon, as is admitted to be the fact in the pending case, it is but simple justice to require the promisor to keep his word. Even without a permissive statute, a debtor could always waive his right to plead limitations in a suit against him, and the statute merely gives validity to his promise to abandon the defense. Moreover, the whole matter is completely within his power. We find, therefore, sound basis for the conclusion that the Legislature intended to stigmatize as fraudulent the failure of a debtor to keep a promise of this sort upon which his creditor has relied, and to estop the debtor from pleading the defense when at his request the suit has been delayed.

The defendant places great stress upon the second sentence of the statute which provides that "in all other cases," that is, all cases other than those where failure to enforce the debtor's promise would operate a fraud upon the creditor, "an unwritten promise not to plead the statute shall be void." The defendant inquires what un-

written promises will be void under this sentence if a liberal interpretation of the word "fraud" in the preceding sentence is adopted. It is a sufficient answer to say, without attempting to define the precise scope of the act, that an oral promise upon which the promisee does not rely, or a promise made after the bar of the statute has fallen, would be covered by the second sentence of the act, and therefore be ineffective. The failure to enforce such a promise would not operate "a fraud upon the promisee." In the pending case, however, as the District Judge expressly found, the promise of the debtor was made during the period of limitations and but for such promise suit would have been instituted before the bar of the statute had fallen.

The judgment of the District Court is reversed, and the case is remanded for a new trial.

Reversed.

NORTHCOTT, Circuit Judge (dissenting).

I cannot concur in the majority opinion. While I agree that in the absence of a statute the weight of authority is to the effect that a debtor who orally promises not to rely on the statute of limitations is estopped from pleading that defense, yet, in this case, we have a statute which, when construed in the light of the ordinary and common meaning of the words used and in the light of the history of the statute, means that the unperformed promise not to plead the statute of limitations does not operate a fraud upon the promisee. Burks Pleading and Practice, 1st Ed., to which reference is made in the majority opinion was written before the passage of the statute in question. In the Second Edition of Judge Burks' work, par. 215, p. 407, it is shown that the Virginia statute was passed to settle the question as to whether the promise to waive the statute of limitations was void as against public policy. The Virginia court had undoubtedly been leaning to a holding that such a promise was void as against public policy. In the same edition in footnote 68, page 411, it is stated:

"Code paragraph 5821. Before this statute it had not been settled in Virginia whether the right to waive the Statute of Limitations, otherwise than by not pleading it, was or was not contrary to public policy."

In the Third Edition of Burks Pleading and Practice, par. 216, p. 382, it is said:

"In Virginia, the effect of a promise not to plead the Statute is set out in a section of the Code inserted in the late revision, and the policy of the State is thus declared. (See Section 5821)."

In the same (the third) edition of this work at page 383 (footnote) will be found the following:

"The promise in this (Liskey v. Paul, supra) to settle and pay the balance found due would seem to be in effect a promise to waive and not to plead the Statute of Limitations against any balance that might be found due, but the reasoning of the court and the quotation from Sutton v. Burruss,[1] supra, leads inevitably to the conclusion that before the late revision the Virginia Court regarded an agreement to waive the Statute of Limitations as contrary to public policy and therefore void."

It seems to me clear that in its use of the word "fraud" the Legislature meant some actual fraud perpetrated on the promisee by the misrepresentation of an existing fact or a deceiving of the creditor in some way. This interpretation seems all the more clear when the words "in all other cases" used in the statute are given their plain meaning. It is evident that these words are not intended to mean a promise upon which the promisee did not rely. In that event, the issue under consideration here would never be raised. It is equally clear that these words could not refer to a promise made after the bar of the statute had fallen, for the reason that such a promise comes within the meaning of section 5812, of the Virginia Code, which provides that a new promise to pay a debt in order to take it out of the statute of limitations must be in writing. The use of the words in the statute must have been intended by the Legislature of Virginia to mean in all other cases except where actual fraud, using the word in its broadest sense, is practiced, the promise would be void.

The holding of the courts in states having similar statutes support the interpretation that some fraud other than the mere failure to keep the promise is intended. Hodgdon v. Chase, 29 Me. 47; Wooster v. Scorse, 16 Ariz. 11, 140 P. 819; Tolleson v. McAlister, Tex.Civ.App., 33 S.W.2d 573; In re Sleezer's Estate, 209 Iowa 56, 227 N.W. 644.

While the Supreme Court of Appeals of Virginia has not interpreted the statute here involved, that court has defined fraud in the case of Moore v. Gregory, 146 Va.

[1] 9 Leigh, Va., 381, 33 Am.Dec. 246.

504, 131 S.E. 692, 697, where the court said, "Actual fraud is intentional fraud; it consists in deception, intentionally practiced to induce another to part with property or to surrender some legal right and which accomplishes the end designed," and in the case of Lloyd v. Smith, 150 Va. 132, 142 S.E. 363, 365, quoted in the majority opinion, where there was a confidential relationship between the parties, the court stated the general rule to be, "that an action based upon fraud must aver the misrepresentation of present preexisting facts, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events," and used the direct statement that:

"Of course, we do not intend by what is here said to hold that an oral promise will remove the bar of the statute of limitations." Sadler v. Marsden, 160 Va. 392, 168 S.E. 357, 360.

I cannot see how this case can be used as authority for holding that an oral promise does remove the bar of the statute of limitations.

In the instant case, the promisee was not deceived by the debtor. After a promise was given not to plead the statute, the creditor requested the debtor to give a written promise. This the debtor refused to do and yet the creditor neglectfully allowed the statute to run. The debtor paid the bank, on his debt, the entire proceeds of a mortgage on his farm and there is not the slightest evidence in the record of any actual fraud.

The wholesomeness of the statute of limitations was well stated by Mr. Justice Story in Bell v. Morrison, 1 Pet. 351, 360, 7 L.Ed. 174, where he said:

"It has often been matter of regret, in modern times, that, in the construction of the statute of limitations, the decisions had not proceeded upon principles better adapted to carry into effect the real objects of the statute; that, instead of being viewed in an unfavourable light, as an unjust and discreditable defence, it had received such support, as would have made it, what it was intended to be, emphatically, a statute of repose. It is a wise and beneficial law, not designed merely to raise a presumption of payment of a just debt, from lapse of time, but to afford security against stale demands, after the true state of the transaction may have been forgotten, or be incapable of explanation, by reason of the death or removal of witnesses. It has a manifest tendency to produce speedy settlements of accounts, and to suppress those prejudices which may rise up at a distance of time, and baffle every honest effort to counteract or overcome them. * * *

"It may be that in this manner, an honest debt may sometimes be lost, but many unfounded recoveries will be prevented; and viewing the statute in the same light, in which it was viewed by English Judges at an early period, as a beneficial law, on which the security of all men depends, we think its provisions ought not to be lightly overturned; and that no creditor has a right to complain of a strict construction, since it is only by his own fault and laches, that it can be brought to bear injuriously upon him. And, if the early interpretation had been adhered to, that nothing but an express promise should take a case out of the statute, it is far from being certain, that it would not have generally been in promotion of justice."

For the reasons so ably stated by the judge below, in his opinion, I agree with his conclusion that, "a holding which would allow the plaintiff to recover under such circumstances would make ineffectual the clear provisions of the statute. It would in effect render valid the very thing the statute makes void."

The judgment of the court below should be affirmed.