N. V. HOOTMAN, Administrator, Appellant, v. AGNES BEATTY et al., Appellees.

No. 44992.

592

June 18, 1940.

John N. Calhoun and W. J. McConnell, for appellant.

Newbold & Newbold, for appellees.

STIGER, J.—We will set out some of the allegations of the petition. William Beatty and his wife, Agnes Beatty, executed and delivered the note and mortgage to Jacob Hootman on April 4, 1917. Mr. Beatty conveyed the mortgaged premises to Agnes Beatty in March 1929. In September 1935, Jacob Hootman, the mortgagee, assigned the note and mortgage to W. J. Hootman. Roy Beatty, a defendant, is a son of William and Agnes Beatty. In consideration of his promise to pay the indebtedness the mortgagee extended the maturity of the debt to April 4, 1922. Roy Beatty, either for himself or as agent for William and Agnes Beatty, made payments on the principal of the note at intervals from 1921 to 1937. The petition alleges that the payments on principal of said note by said Roy Beatty, either for himself or as agent for William Beatty and Agnes Beatty, are such as to prevent the running of the statute of limitations against the bringing of this action on this note and to foreclose the mortgage given to secure the same; that said Roy Beatty did make a new promise in writing to pay said note by paying the payments of principal by check signed by himself, which canceled checks are now in the possession of said Roy Beatty.

The instruments were executed April 4, 1917, and were payable on April 4, 1920. This suit was commenced in 1938.

Code section 11007, subsection 6, provides that actions on written contracts must be brought within 10 years after their causes accrue. Code section 11028 provides that, subject to certain exceptions, no action shall be maintained to foreclose a real estate mortgage after 20 years from the date thereof.

This suit was barred by the said statutes of limitation unless they were avoided by certain allegations of the petition. I. Code section 11018 reads:

"11018. Admission in writing—new promise. Causes of action founded on contract are revived by an admission in writ-

ing, signed by the party to be charged, that the debt is unpaid, or by a like new promise to pay the same."

Plaintiff's first assignment is that the court erred in sustaining the motion to dismiss because the giving of checks signed by Roy Beatty was a sufficient acknowledgment of the debt to constitute an admission in writing and a new promise to pay under Code section 11018. We do not agree with this proposition.

Partial payments are not sufficient to bar the statute under the provisions of section 11018. Kleis v. McGrath, 127 Iowa 459, 103 N. W. 371, 69 L. R. A. 260, 109 Am. St. Rep. 396; Hale v. Wilson, 70 Iowa 311, 30 N. W. 739; Parsons v. Carey, 28 Iowa 431.

In Hale v. Wilson, supra, we held that a partial payment indorsed upon a note and signed by the maker was not an acknowledgment of a debt or new promise to pay.

In Kleis v. McGrath, 127 Iowa 459, 462, 103 N. W. 371, 372, 69 L. R. A. 260, 109 Am. St. Rep. 396, the court states:

"It is an accepted doctrine that an acknowledgment of the existence of a debt is allowed to remove the bar of the statute, because such acknowledgment or admission carries with it an implied promise to pay. For that reason the acknowledgment must be express, clear, and direct, for it will not do to infer or imply the acknowledgment, and therefrom imply the promise to pay; thus piling implication upon implication."

In Koht v. Dean, 220 Iowa 86, 92, 261 N. W. 491, 494, Justice Donegan, speaking for the court, said:

"It is sufficient that an admission that an indebtedness is unpaid is the natural and necessary inference from the writing."

Beatty made payments of money to the mortgagee by checks. A check does not directly or by necessary inference acknowledge that a debt is unpaid. It does not admit there is a further sum due than the amount paid, that is, a check is

not an acknowledgment of a continuing unpaid indebtedness. See Henneman v. Taber, 198 Iowa 677, 200 N. W. 218.

■ II. Section 11028 states that no action shall be maintained to foreclose any real-estate mortgage after 20 years from the date thereof "unless the record of such instrument shows that less than ten years have elapsed since the date of maturity of the indebtedness or part thereof, secured thereby, or since the right of action has accrued thereon, or unless the record shows an extension of the maturity of the instrument or of the debt or a part thereof, and that ten years from the expiration of the time of such extension have not yet expired. * * * the date of maturity of any extension of said indebtedness or part thereof, may be shown at any time prior to the expiration of the above periods of limitation by the holder of the debt or the owner or assignee of the instrument filing an extension agreement, duly acknowledged as the original instrument was required to be acknowledged, in the office of the recorder where the instrument is recorded, or by noting on the margin of the record of such instrument in the recorder's office an extension of the maturity of the instrument or of the debt secured, or any part thereof;" etc. Plaintiff claims that the recorded assignment of the note and mortgage was a sufficient compliance with section 11028 and brought the mortgage within the exceptions of the statute.

Section 11028 prescribes the limitation on foreclosure of "ancient mortgages" and provides the exceptions. Obviously the assignment of the note and mortgage does not come within the exceptions. There being no extension of record of the maturity of the debt, and more than 10 years having elapsed since the date of maturity, the action is barred by section 11028.

With reference to plaintiff's argument under this assignment of error that the checks were written admissions that the debt was unpaid under section 11018 (with which proposition we do not agree), we held in Lackey v. Melcher, 225 Iowa 698, 703, 281 N. W. 225, 227, that section 11018 did not apply to section 11028. The court states:

" * * * because the exception contained in section 11018 appears in the chapter on limitations of actions under the subtitle 'General Provisions,' it applies only to the statute of limitations found under that heading; and that, as the limitation provided .in section 11028 appears under the subtitle 'Special Limitations,' it is not subject to the exceptions contained in section 11018, but is subject only to the exceptions contained in section 11028 itself."

III. The petition alleges that on March 29, 1921, which date is subsequent to the maturity of the note, Roy Beatty wrote the following letter to Jacob Hootman, mortgagee:

"We will let that loan run. You can mark across the back Time extended 2 years at 7 per cent with privilege of paying as before at any interest paying date.

"Will send you that interest in a few days."

The petition also alleges that the letter constituted a promise to pay the note by Roy Beatty; that in consideration of said promise the mortgagee extended the maturity of the debt two years; that all payments made on the note thereafter were made either for himself or as the agent of Agnes and William Beatty; "that at the various times of payments herein set forth the said Roy Beatty alleged and represented to the owners and holders of this note and mortgage that he was going to pay the same and that the owners and holders relied upon the representation of said Roy Beatty that he was going to pay the balance due on said note, as secured by said real estate mortgage, and the said Roy Beatty, by making said representations and inducing the owners and holders of said note and mortgage to rely thereon, has perpetrated a fraud on the owners and holders of this note and mortgage in securing further time in which to pay said note and to satisfy the lien of the mortgage on the real estate given to secure the same; that because of said promise and the request of Roy Beatty to extend the time of payment for two years the mortgagee extended the time of payment; that

the fraud of Roy Beatty in obtaining further extensions of time in which to pay the note tolled the statute of limitations.''

Plaintiff's third assignment of error is that the representations of Roy Beatty that he would pay the note induced the holders of the note and mortgage to rely thereon and thereby perpetrated a fraud on the owners and holders of the note and mortgage in securing time in which to pay the note, and, therefore, under the provisions of section 11010, the instruments are not barred.

Section 11010 reads:

''11010.  Fraud—mistake—trespass.  In actions for relief on the ground of fraud or mistake, and those for trespass to property, the cause of action shall not be deemed to have accrued until the fraud, mistake, or trespass complained of shall have been discovered by the party aggrieved.''

It will be noticed that the petition does not allege that plaintiff, in consideration of Beatty's promise to pay, and at his request, agreed to forbear to sue, nor is there an allegation that, on Beatty's request, plaintiff agreed not to commence the action until after the expiration of the statute of limitations. It does not appear from the petition that Beatty requested or contemplated securing an extension of time beyond the period of limitations. Plaintiff failed to protect himself against the bar of the statute by contract.

In the case of McKay v. McCarthy, 146 Iowa 546, 555, 123 N. W. 755, 759, 125 N. W. 207, 34 L. R. A., N. S., 911, the court, in holding that reliance on a promise to pay does not estop the debtor from interposing the plea of statute of limitations, states:

''The vice in its reasoning lies in the assumption that the promise might be relied on as an inducement not to institute suit within the statutory period. The promise put the complainant under no obligation to forbear suing.''

The allegations that Beatty told the holders of the note and mortgage that he would pay the instruments and that they

598

relied on such statements are not a sufficient plea of fraud. The essential elements of a plea of fraud are (1) false representations, (2) materiality, (3) scienter, (4) intent to deceive, (5) reliance, (6) resulting injury in damage. No fraud is disclosed in the petition.

A demurrer or motion to dismiss admits only the well pleaded facts and does not admit erroneous conclusions of law or facts. As the facts stated in the petition do not constitute fraud, it follows that the motion to dismiss does not admit the conclusion of the pleader that Beatty perpetrated a fraud on plaintiff. For cases supporting the conclusions reached, see Bundy v. Grinnell Canning Co., 215 Iowa 674, 244 N. W. 841; Mortenson v. Knudson, 189 Iowa 379, 176 N. W. 892; McKay v. McCarthy, 146 Iowa 546, 123 N. W. 755, 125 N. W. 207, 34 L. R. A., N. S., 911. Plaintiff has not brought himself within the provisions of section 11010.

IV. Assuming the letter written by Beatty to the mortgagee in 1921, which is set out in division III of this opinion, was a written acknowledgment of the debt and a new promise to pay, it extended the maturity of the debt to April 4, 1922, and the action would be barred in April 1932.

With reference to the oral promise of Beatty to pay the debt, we state that an oral promise to pay the debt will not toll the running of the statute. In re Estate of Sleezer, 209 Iowa 56, 227 N. W. 644.

The case is affirmed.—Affirmed.

HAMILTON, C. J., and HALE, SAGER, OLIVER, and BLISS, JJ., concur.